463 So.2d 1203 (1985)
FLORIDA SONESTA CORPORATION, d/b/a Sonesta Beach Hotel, Petitioner,
v.
Sam ANIBALLI and Margaret Aniballi, His Wife, Respondents.
Sam ANIBALLI and Margaret Aniballi, His Wife, Petitioners,
v.
FLORIDA SONESTA CORPORATION, d/b/a Sonesta Beach Hotel, Respondent.
Nos. 84-2097, 84-2103.
District Court of Appeal of Florida, Third District.
February 5, 1985.
Rehearing Denied March 6, 1985.
*1204 Ress, Gomez, Rosenberg & Howland and David R. Howland, North Miami, for Florida Sonesta Corp.
Katz, Barron, Squitero, Linden & Faust and Neil P. Linden, Miami, for Sam Aniballi and Margaret Aniballi.
Before BARKDULL, HENDRY and BASKIN, JJ.
HENDRY, Judge.
In this proceeding, we are presented with two petitions for writ of certiorari requesting this court to review and to quash certain portions of an opinion entered by the Circuit Court, Appellate Division. The opinion affirmed an order entered by the county court, which incorporated two previous circuit court rulings on the matter. The first circuit court ruling granted the motion of Florida Sonesta Corporation, d/b/a Sonesta Beach Hotel (Sonesta/the Hotel) for summary judgment, determining that no material issues of fact existed regarding the Hotel's compliance with sections 509.101 and 509.111, Florida Statutes (1979). The second circuit court ruling limited both compensatory and punitive damages against the Hotel to $1,000, denied the Hotel's motion for summary judgment grounded on negligence because of the existence of material issues of fact, and transferred the cause to county court. The county court's order granted the Aniballis' motion for summary judgment, finding Sonesta to be negligent as a matter of law, and awarded the Aniballis $1,000 in damages. We have jurisdiction pursuant to Rule 9.030(b)(2)(B), Florida Rules of Appellate *1205 Procedure, and accept certiorari and quash the order under review.
This case arose upon the filing of a complaint by the Aniballis for the loss of $85,000 in jewelry owned by them which was stolen from a safe deposit box at the Sonesta Beach Hotel by an employee of the Sonesta Corporation. Long, the employee, had been hired as a desk clerk by the Hotel several weeks before the loss in question and one day thereafter left for lunch and did not return. It was discovered that he took approximately $5,500 from the Hotel's cash drawer, as well as the contents of the safe deposit box which the Aniballis had been assigned. Further investigation revealed that Long had used fictitious identifications and references when he applied for the position and that while he was employed, he had made an extra key for the safe deposit box later used by the Aniballis.
The Aniballis had checked into the Sonesta Beach Hotel on February 22, 1980 and were assigned room 602. While they were unpacking, they noticed a sign which the Hotel had placed in the room and which read, "Be safe ... put valuables in the hotel's safe deposit box." Mr. Aniballi returned to the desk and asked for a safe deposit box. He was given a "Safe Deposit Box  Statement of Value" card and instructed to print his name and to sign on a line marked with an "X".[1]
The desk clerk and Mr. Aniballi then proceeded to the safe deposit box room. Two keys were needed to open and close the safe deposit box  one held by the customer and the other by the hotel clerk. After the employee left the room, Mr. Aniballi deposited a pouch into the box. He then called for the clerk and the two men closed and locked the safe deposit box. This procedure took place on three separate occasions during the Aniballis' stay at the Sonesta. On the fourth occasion, the safe deposit box was empty.
As required by the Florida statutes, the Hotel had posted a "Notice to Guest" sign which set forth verbatim sections 509.101(1) and 509.111(1), Florida Statutes *1206 (1979).[2],[3] This sign was posted only on the interior door of the bathroom in each of the guest rooms.
The Aniballis' amended complaint sought damages based on the above facts and additionally alleged that the Sonesta had failed to comply strictly with the requirements of section 509.101(1), Florida Statutes (1979), and, as a consequence, waived the $1,000 limitation of liability established under section 509.111, Florida Statutes (1979). Both compensatory and punitive damages were sought by the Aniballis, based upon the Hotel's breach of contract and negligent hiring of the employee which proximately resulted in the loss of their property. The Hotel's answer denied the allegations of breach of contract and negligence. Its affirmative defenses alleged that the Aniballis were comparatively negligent in depositing valuables over the $1,000 amount; that the damage claim was limited by section 509.111, Florida Statutes (1979); and that the hotel employee acted outside the scope of his employment.
Following discovery, the Aniballis moved for partial summary judgment on the issues of the Hotel's failure to comply with the posting requirements of section 509.101 and the receipt requirements of section 509.111. The Hotel filed a cross-motion for summary judgment on the grounds that it had complied with the statutes; that its employee's criminal act could not be imputed to the Hotel; that no evidence existed to find the Hotel negligent; and no basis existed upon which to award punitive damages. The circuit court ruled that the "Notice to Guest" sign complied with section 509.101, Florida Statutes (1979), and that the "Safe Deposit Box  Statement of Value" card constituted compliance by the Hotel with the requirements of section 509.111, Florida Statutes (1979), and therefore, ruled that the Hotel's liability was limited to $1,000 in compensatory damages. At a subsequent hearing, the court ruled that the $1,000 limitation also included punitive damages and, in accordance with the court's jurisdictional limitations, transferred the cause to the county court for a determination of negligence.
After transfer, the county court granted the Aniballis' summary judgment motion on the issue of the Hotel's negligence, entered a final summary judgment, and awarded the Aniballis $1,000 in damages. The Aniballis appealed to this court, which appeal was transferred to the Circuit Court, Appellate Division. The appellate division affirmed the order entered by the county court and subsequently denied the Aniballis' motion for rehearing.
Both the Aniballis and the Sonesta Corporation separately petitioned this court to review the opinion of the Circuit Court, Appellate Division, each requesting quashal *1207 of that portion of the opinion that adversely affects each party. In particular, the Sonesta desires reversal of that portion of the opinion affirming the county court's determination that the Hotel was negligent, arguing that the existence of material fact issues precludes summary judgment on this issue. The Aniballis seek vacation of that portion of the opinion which affirmed the county court's ruling that Sonesta complied with the applicable statutes, thus limiting its liability to $1,000.
We begin our review with the initial determination of whether the Circuit Court, Appellate Division, afforded procedural due process and applied the correct law. City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla. 1982). The court based its affirmance on the record evidence supporting the Sonesta Hotel's compliance with section 509.101(1), Florida Statutes (1979). The basis for this ruling was that the posting of the "Notice to Guest" sign on the interior door of the bathroom in each guest room was done "in a conspicuous place." We disagree, however, with this determination. This unambiguous statute states that any regulation established pursuant to section 509.101(1), shall be printed in English and "posted, together with a copy of ss. 509.111, ... in the office, hall, or lobby or another prominent place of such public lodging establishment." (e.s.). § 509.101(1), Fla. Stat. (1979). There was no record evidence to indicate that the posting of section 509.111 was done in any of the places set forth and required by the statute. Furthermore, this provision of section 509.101 must be read as a part of the exculpatory provisions contained in section 509.111, Fuchs v. Harbor Island Spa, Inc., 420 F.2d 1100, 1102 (5th Cir.1970), and section 509.111, enacted in derogation of the common law, must be strictly construed. de Saric v. Miami Caribe Investments, Inc., 512 F.2d 1013 (5th Cir.1975). Thus, the Sonesta could not seek the shelter of the statutory limitation of liability without bearing the burden of strict compliance therewith. Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 203 (2d Cir.1982); Garner v. Margery Lane, Inc., 242 So.2d 776 (Fla. 4th DCA 1970); Safety Harbor Spa, Inc. v. High, 137 So.2d 248 (Fla. 2d DCA 1962).
Section 509.111(1), Florida Statutes (1979), requires that a hotel follow certain procedures in order to limit its liability for losses of property which it accepts for safekeeping. If a hotel accepts property for safekeeping but does not follow the procedures outlined in the statute, it cannot claim the benefit of a limitation of liability. Great American Insurance Co. v. Coppedge, 405 So.2d 732, 735 (Fla. 4th DCA 1981), pet. for rev. denied, 415 So.2d 1359 (Fla. 1982). The statute provides that a hotel is under no obligation to accept property for safekeeping, and may refuse to accept those valuables in excess of $1,000, but affirmative conduct by the hotel is required to exercise this right. Additionally, the hotel's liability may be limited only if the hotel gave a receipt for the property (stating the value). Zacharia v. Harbor Island Spa, Inc., 684 F.2d at 203; Garner v. Margery Lane, Inc., 242 So.2d at 779; § 509.111(1), Fla. Stat. (1979). The burden of compliance is on the hotel rather than the guest. Garner v. Margery Lane, Inc., 242 So.2d at 779.
Sub judice, the Aniballis were given no document of any kind in connection with their use of the safe deposit box. All of the documentation was retained by the Hotel in accordance with its established practices. Thus, the Hotel's non-compliance with the plain language of the statute, requiring that a receipt be given to the guest depositing valuables, deprived it of the benefit of the limitation of liability under section 509.111(1). We hold, therefore, that the statutory limitation of liability is inapplicable and quash the opinion of the Circuit Court, Appellate Division, and remand for further proceedings.
Upon remand, the parties will, in all likelihood, pursue their respective claims. The Aniballis' amended complaint sought both compensatory and punitive damages, which were subsequently ordered limited to $1,000 because of the determination of the *1208 applicability of section 509.111(1). This court's determination that the statute is inapplicable to the present case effectively vacates the $1,000 limitation. Thus, the Aniballis may proceed to prove their claim for the amount of their actual property loss. They may not, however, proceed with their claim for punitive damages. In an effort to avoid a future appeal of this matter, we hold that the Hotel, even if proven negligent, did not act outrageously, or with fraud, malice, wantonness, or oppression so as to warrant a punitive damage award. See Arab Termite & Pest Control, Inc. v. Jenkins, 409 So.2d 1039 (Fla. 1982); Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978).
Accordingly, the petitions for writ of certiorari are granted, the order of the Circuit Court, Appellate Division, is quashed, and the matter is remanded with directions.
NOTES
[1] The front side of the card, as filled out by Mr. Aniballi, read as follows:

[2] 509.101. Establishment rules; maintenance of guest register. 

(1) Any operator of a public lodging establishment... may establish reasonable rules and regulations for the management of the establishment and its guests and employees; and each guest or employee staying, sojourning, eating, or employed in the establishment shall conform to and abide by such rules and regulations so long as he shall remain in or at the establishment. Such rules and regulations shall be deemed to be a special contract between the operator and each guest or employee using the facilities of or at any public lodging establishment... Such rules and regulations shall control the liabilities, responsibilities, and obligations of all parties. Any rules or regulations established pursuant to this section shall be printed in the English language and posted, together with a copy of ss. 509.111, ... in the office, hall, or lobby or another prominent place of such public lodging establishment... .
[3] 509.111. Liability for property of guests. 

(1) The operator of a public lodging establishment is under no obligation to accept for safekeeping any moneys, securities, jewelry, or precious stones of any kind belonging to any guest, and, if such are accepted for safekeeping, he shall not be liable for the loss thereof unless such loss was the proximate result of fault or negligence of the operator. However, the liability of the operator shall be limited to $1,000 for such loss, if the public lodging establishment gave a receipt for the property (stating the value) on a form which stated, in type large enough to be clearly noticeable, that the public lodging establishment was not liable for any loss exceeding $1,000 and was only liable for that amount if the loss was the proximate result of fault or negligence of the operator.