559 So.2d 1231 (1990)
Robert J. FENNEMA and Kimberly A. Fennema, Appellants,
v.
The HOWARD JOHNSON COMPANY, a Foreign Corporation and Palmetto Management Corporation, a Florida Corporation and H. William Prahl, Jr. and Robert A. Prahl, Appellees.
No. 88-2961.
District Court of Appeal of Florida, Third District.
April 3, 1990.
Rehearing Denied May 17, 1990.
*1232 Lott & Levine and Michael D. Levine, Miami, for appellants.
Usich & Sullivan and David Sullivan, Miami, for appellees.
Before HUBBART, FERGUSON and GERSTEN, JJ.
HUBBART, Judge.
This is an appeal by the plaintiffs Robert and Kimberly Fennema from an adverse final summary judgment entered below in an innkeeper's negligence action. The central question presented for review is whether an innkeeper may rely on Section 509.111, Florida Statutes (1985), which limits an innkeeper's liability for loss of a guest's personal property, when, as here, (a) the innkeeper affirmatively advises his guest to park the guest's motor vehicle in a particular location in the inn's parking lot for safekeeping, after being told by the guest concerning the valuable nature of the vehicle's contents, and (b) the vehicle and its contents are thereafter stolen. We hold that the innkeeper's conduct estops him from setting up as a defense the aforesaid limitation of liability statute, and, accordingly, reverse the final summary judgment under review.

I
The material facts of this case are undisputed. In August, 1985, the plaintiffs Robert J. Fennema and his wife Kimberly A. Fennema came to Dade County, Florida from the state of Washington so that Robert Fennema could become a university professor at Florida International University. They travelled to Dade County in a Chevrolet Camaro and a rented twenty-four-foot U-Haul truck which, in turn, towed their 1970 Toyota Land Cruiser; they placed nearly all their possessions in the U-Haul truck. Mr. Fennema drove the U-Haul truck, and Mrs. Fennema drove the Camaro. Upon their arrival in Dade County, they stopped at a Howard Johnson Motor Lodge located at 1430 South Dixie Highway, Coral Gables, Florida, at approximately 6:00 P.M. on August 10, 1985. This lodge was owned and operated by the defendants H. William Prahl, Jr. and Robert A. Prahl, under a franchise from the defendants Howard Johnson Company and Palmetto Management Company.
Mrs. Fennema went into the motel office and registered for her and her husband. She specifically advised the registration clerk that they had a Toyota Land Cruiser towed by a large U-Haul truck with nearly all their personal belongings in it; she asked where would be a safe place to park this vehicle. The clerk directed her to park *1233 the vehicle in a particular area of the motel parking lot behind a building where presumably it would be safe from vandalism or theft. Mrs. Fennema conveyed this information to Mr. Fennema who, in turn, parked the vehicle in the place designated by the clerk. Although there had been numerous incidents of criminal activity including motor vehicle thefts on or about the grounds and parking lot of this motel, the plaintiffs were not provided with this information nor warned of the risks of leaving their vehicle in the lot. The Fennemas thereafter spent the night in the motel without incident, and, the following day, went for a drive in the Camaro. When they returned to the motel at 3:00 P.M. that afternoon, they discovered that the U-Haul truck with all of its contents and the attached Toyota Land Cruiser had been stolen by unknown third parties from the place in the parking lot where the clerk had told them to park it for safekeeping.
The plaintiffs brought a negligence action below against the defendant innkeepers for the property loss sustained as a result of the above theft in the amount of $177,000. They alleged that the defendants were negligent in failing to warn the plaintiffs that there had been criminal activity in the motel parking lot, and that the defendants failed to take other steps to warn their guests and/or to prevent criminal activity from occurring in the parking lot. The plaintiffs also claimed that the defendant Howard Johnson, as owner, departed from a standard of care nationally advertised by it, that all the defendants knew the parking lot was dangerous, and that as owners, lessees and operators of the motel, they had an obligation, at a minimum, to warn their guests. The defendant filed an answer denying any liability for the theft loss and setting up various affirmative defenses, including that the plaintiffs' recovery was limited by Section 509.111, Florida Statutes (1985).
The defendants moved for a summary judgment which the trial court granted on the basis of the statute. Specifically, the trial court ruled that the defendants had posted Section 509.111, Florida Statutes (1985) in a "prominent place," [as required by Section 509.101, Florida Statutes (1985)]  namely, the inside of an open closet in the plaintiffs' motel room  and, consequently, were absolved of all liability for the theft loss sued upon when the plaintiffs failed to comply with the provisions of Section 509.111. This appeal follows.

II
The plaintiffs contend that the trial court erred in applying the aforesaid limitation of liability statute to the instant case inasmuch as the statute had no application to their vehicle and its contents under the circumstances of this case, and that otherwise genuine issues of material fact exist as to the defendants' alleged negligence. We entirely agree.

A
It is settled in Florida that "[a]n innkeeper owes the duty of reasonable care for the safety of his guests['] [person and property]," that generally speaking, "it is `peculiarly a jury function to determine what precautions are reasonably required in the exercise of a particular duty of due care,'" and that an innkeeper's knowledge, as here, of prior criminal activity on or around the grounds of his inn imposes a duty to take adequate security precautions for the safety of his guests and their property. Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491, 493 (Fla. 1983) (citations omitted). With respect to any damage to or loss of a guest's property, however, an innkeeper's negligence liability is specifically limited by Section 509.111, Florida Statutes (1985)  provided a copy of that statute is posted "in the office, hall, or lobby or another prominent place of such public lodging ... establishment." § 509.101, Fla. Stat. (1985); Florida Sonesta Corp. v. Aniballi, 463 So.2d 1203, 1207 (Fla. 3d DCA), rev. denied, 476 So.2d 672, 673 (Fla. 1985).
Section 509.111, Florida Statutes (1985), the innkeeper's limitation of liability statute, provides:
"(1) The operator of a public lodging establishment is under no obligation to accept *1234 for safekeeping any moneys, securities, jewelry, or precious stones of any kind belonging to any guest, and, if such are accepted for safekeeping, he shall not be liable for the loss thereof unless such loss was the proximate result of fault or negligence of the operator. However, the liability of the operator shall be limited to $1,000 for such loss, if the public lodging establishment gave a receipt for the property (stating the value) on a form which stated, in type large enough to be clearly noticeable, that the public lodging establishment was not liable for any loss exceeding $1,000 and was only liable for that amount if the loss was the proximate result of fault or negligence of the operator.
(2) The operator of a public lodging establishment shall not be liable or responsible to any guest for the loss of wearing apparel, goods, or other property, except as provided in subsection (1), unless such loss occurred as the proximate result of fault or negligence of such operator, and, in case of fault or negligence, he shall not be liable for a greater sum than $500, unless the guest, prior to the loss or damage, files with the operator an inventory of his effects and the value thereof and the operator is given the opportunity to inspect such effects and check them against such inventory. The operator of a public lodging establishment shall not be liable or responsible to any guest for the loss of effects listed in such inventory in a total amount exceeding $1,000."
§ 509.111, Fla. Stat. (1985).
Under the above statute:
"a hotel's liability for a guest's loss of property is limited to $500 unless the hotel accepts property for safekeeping pursuant to subsection (1) or the guest, in accordance with subsection (2) provides an inventory of effects not tendered and accepted pursuant to subsection (1). In either event, if the proper procedures are followed, the hotel's liability is limited to $1,000."
Great American Ins. Co. v. Coppedge, 405 So.2d 732, 735 (Fla. 4th DCA 1981), rev. denied, 415 So.2d 1359 (Fla. 1982).
It does not follow, however, that an innkeeper may, under all circumstances, rely on the above statute to limit his liability even if the statute is properly posted at the inn. In Noble v. Yorke, 490 So.2d 29 (Fla. 1986), it was held that a property owner was estopped to rely on the dog-bite statute [§ 767.04, Fla. Stat. (1981)] to absolve him of liability for a bite inflicted by his dog on the plaintiff, although the property owner had fully complied with the statute by posting a prominent "Bad Dog" sign on the subject property, because the property owner had previously informed the plaintiff to disregard the "Bad Dog" sign. In analogous fashion, we conclude that an innkeeper is estopped to rely on the innkeeper's limitation of liability statute if he personally misleads his guest into believing that the latter's property may be safely placed at a particular location in the inn, as this causes a guest to disregard whatever posted statutory procedures there might be for safeguarding a guest's property generally.

B
Turning to the instant case, we entertain serious doubts whether the above statute is applicable, as urged, to a motel guest's motor vehicle which the guest leaves in the motel parking lot. Compare Plant v. Howard Johnson's Motor Lodge, 500 N.E.2d 1271 (Ind. App. 1986), transfer denied, 514 N.E.2d 1048 (Ind. 1987). We are also doubtful whether the subject statute was posted "in a prominent place," as urged, when it was placed on the inside of the open closet in the plaintiffs' motel room. Compare Florida Sonesta Corp. v. Aniballi, 463 So.2d at 1207. Further, the above statute would not appear, in any event, to absolve an innkeeper totally of all negligence liability for loss of a guest's property, as it merely limits such liability to $500 if statutory procedures are not followed.
It is not necessary, however, to resolve any of the above questions because, in our view, the defendant innkeepers are *1235 estopped to invoke whatever protection Section 509.111, Florida Statutes (1985), may afford. This is so because the defendant's motel clerk affirmatively misled the plaintiffs into believing that their motor vehicle and its valuable contents were safe if parked at a particular location in the motel parking lot. Mrs. Fennema specifically informed the motel registration clerk concerning the valuable contents of the plaintiffs' motor vehicle and asked where would be a safe place to park the vehicle; the clerk, in turn, directed the Fennemas to park their vehicle at a particular spot in the motel guest parking lot behind a building where presumably the vehicle would be safe. The plaintiffs had every right to believe and did believe that their vehicle would be safe at that location; they parked their vehicle in the exact spot as directed and later the vehicle was stolen from that spot.
Having affirmatively misled the plaintiffs that it was, in effect, safe to leave their vehicle and its contents at this location in the motel parking lot, the defendant innkeepers are in no position to claim the limited liability protection of Section 509.111, Florida Statutes (1985). The plaintiffs had every right to rely on the defendant's affirmative assurance of safety for their property and to believe that these personal assurances of safety overrode whatever statutory procedures might exist for safeguarding guests' property generally  if, indeed, they had later read the statute as posted in their motel room. As in Noble v. Yorke, the defendants, by their conduct, are estopped to rely on the protection of the subject statute because they, in effect, misled the plaintiffs into disregarding the procedure stated in the posted statute as being unnecessary, given the motel's personal directive which they followed for safeguarding their property. Beyond that, there are otherwise genuine issues of material fact on this record as to whether the defendants were negligent in failing to take adequate security precautions to protect the plaintiffs' property or, at the very least, to warn the plaintiffs of the potential dangers to their property based on the past criminal activity and car thefts on and about the defendant's parking lot. Orlando Executive Park, Inc. v. Robbins.

III
For the above-stated reasons, the trial court erroneously entered a summary judgment for the defendants on the basis of Section 509.111, Florida Statutes (1985). The final summary judgment under review is therefore reversed, and the cause is remanded to the trial court with directions to strike the defendants' affirmative defense based on the above statute, and for further appropriate proceedings not inconsistent with this opinion.
Reversed and remanded.