592 So.2d 1225 (1992)
Brenda JOHNSON, Petitioner,
v.
Dr. Barry WANDER, Respondent.
No. 91-11.
District Court of Appeal of Florida, Third District.
January 28, 1992.
*1226 Shalle Stephen Fine and Gerald J. Tobin, Miami, for petitioner.
Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane and Paul H. Field, Miami, for respondent.
Before FERGUSON, JORGENSON and GERSTEN, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
In this action for professional malpractice, petitioner alleged the following facts: Brenda Johnson took her dog, Coco, to Dr. Wander to be spayed. After the operation, the veterinarian allegedly left Coco on heating pads for a long period of time resulting in serious burns to the animal. Johnson became physically ill when she discovered the dog's injuries.
This action commenced in the circuit court on a complaint alleging gross negligence and damage to property causing emotional distress. The trial court entered partial summary judgments on the claims for punitive damages and emotional distress[1] and, on a subsequent motion, transferred the case to the county court as a claim for less than the circuit court jurisdictional amount. This petition is brought from the transfer order.
Because the partial summary judgments striking the claims for punitive damages and emotional distress were improvidently granted, the order transferring the cause to the county court must be quashed. We held in the factually indistinguishable case of Knowles Animal Hosp., Inc. v. Wills, 360 So.2d 37 (Fla.3d DCA 1978), cert. denied, 368 So.2d 1369 (Fla. 1979), that a jury question was presented on the issues of gross negligence and physical and mental pain and suffering as claimed by the dog's owner.
Certiorari granted.
NOTES
[1] The parties agreed that the orders striking the claims for emotional distress and punitive damages, entered several weeks before the order transferring the case to the county court, were nonfinal orders not reviewable by appeal. However, the order transferring the case to the county court, based on the grounds set forth in the earlier orders, is reviewable by certiorari. Krueger v. Wear, 498 So.2d 578 (Fla.3d DCA 1986); Norris v. Southern Bell Tel. & Tel. Co., 324 So.2d 108 (Fla.3d DCA 1975).