PER CURIAM.
Appellant, Southernmost Affiliates, d/b/a the Reach Hotel, appeals an adverse judgment in a negligence action brought by hotel guests, the appellees. We reverse because the hotel’s liability was limited under Section 509.111(2), Florida Statutes (1993), to a maximum of $500 per claim.
Pursuant to Section 509.111(2), a negligent hotel operator is limited to $500 in liability for losses to guests, where the guest did not file an inventory and did not give the propei’ty to the hotel for safekeeping. Great Am. Ins. Co. v. Coppedge, 405 So.2d 732 (Fla. 4th DCA 1981), review denied, 415 So.2d 1359 (Fla.1982). Here, although the hotel posted the required notice to guests under Section 509.101, Florida Statutes (1993), the appellees argue that the hotel is estopped from relying upon the statutory limitation, contending that the hotel misled them into believing the room was safe, and therefore waived its right to rely upon Section 509.111(2). See Fennema v. Howard Johnson Co., 559 So.2d 1231 (Fla. 3d DCA 1990); Florida Sonesta Corp. v. Aniballi, 463 So.2d 1203 (Fla. 3d DCA), review denied, 476 So.2d 672 (Fla.1985), and review denied, 476 So.2d 673 (Fla.1985). We disagree.
Appellees complained to the desk clerk that the lock on their balcony door was broken. Although the hotel attempted to fix the lock, the repairman went to the wrong room. Appellees did not check to see if the lock had been fixed, and were burglarized two or three nights later.
The facts of this case do not rise to the level of affirmative misleading present in the Aniballi and Fennema cases. Here, there is no evidence that the hotel assured the appel-lees that their possessions would be safe, or affirmatively misled the appellees in any way. At most, the hotel’s conduct in sending a repairman to the wrong room reflects a negligent mistake, not an affirmative action to mislead. Accordingly, in the absence of any other evidence that the hotel failed to strictly comply with the requirements of the statute, we reverse that part of the amended final judgment awarding appellee Alonzo $2,481.70, and awarding appellee Clifford $3,240.95. The trial court is directed to limit recovery to each appellee to a maximum of $500.
Reversed and remanded with directions.