676 So.2d 1049 (1996)
Eugene DAVID, Petitioner,
v.
PRIME HOSPITALITY CORP., Respondent.
No. 96-23.
District Court of Appeal of Florida, Third District.
July 10, 1996.
Barry Roderman & Assocs. and John K. Lawlor, Fort Lauderdale; Curtis & Curtis and Bruce Botsford, Fort Lauderdale, for petitioner.
Brian S. Keif and Albert Naon Jr., Key Biscayne, for respondent.
Before NESBITT, GREEN, and SHEVIN, JJ.
PER CURIAM.
While a guest at respondent's hotel, petitioner's personal belongings were stolen from his car, which was parked in the hotel's parking lot. Petitioner sued the respondent in negligence for inadequate security to recover for the loss of his belongings, allegedly totalling in excess of $50,000. Respondent moved for, and the lower court entered, summary judgment limiting respondent's liability in accord with section 509.111, Florida Statutes *1050 (1993).[1] That order in turn precipitated a subsequent order transferring the cause to county court because the amount in controversy could not meet the circuit court jurisdictional threshold.
The order limiting liability is nonfinal and not reviewable by appeal. "However, the order transferring the case to the county court, based on the grounds set forth in the earlier order[], is reviewable by certiorari." Johnson v. Wander, 592 So.2d 1225, 1226 n. 1 (Fla. 3d DCA 1992).
The summary judgment limiting liability leaves unresolved the petitioner's factual contention that the respondent, like the defendant in Fennema v. Howard Johnson Co., 559 So.2d 1231 (Fla. 3d DCA 1990), "affirmatively misled the plaintiff[] into believing that [his] motor vehicle and its valuable contents were safe if parked at a particular location in the motel parking lot." Id. at 1235. If that is the case then, as in Fennema, the respondent would be estopped from relying on the innkeeper's limitation of liability statute. Accordingly, we vacate the previously entered stay of appellate proceedings, grant certiorari and quash the order transferring the cause to county court based on the "improvidently granted" summary judgment in the respondent's favor. See Johnson, 592 So.2d at 1226.
Certiorari granted.
NOTES
[1] Section 509.111, Florida Statutes (1993), provides:

(1) The operator of a public lodging establishment is not under any obligation to accept for safekeeping any moneys, securities, jewelry, or precious stones of any kind belonging to any guest, and, if such are accepted for safekeeping, the operator is not liable for the loss thereof unless such loss was the proximate result of fault or negligence of the operator. However, the liability of the operator shall be limited to $1,000 for such loss, if the public lodging establishment gave a receipt for the property (stating the value) on a form which stated, in type large enough to be clearly noticeable, that the public lodging establishment was not liable for any loss exceeding $1,000 and was only liable for that amount if the loss was the proximate result of fault or negligence of the operator.
(2) The operator of a public lodging establishment is not liable or responsible to any guest for the loss of wearing apparel, goods, or other property, except as provided in subsection (1), unless such loss occurred as the proximate result of fault or negligence of such operator, and, in case of fault or negligence, the operator is not liable for a greater sum than $500, unless the guest, prior to the loss or damage, files with the operator an inventory of his effects and the value thereof and the operator is given the opportunity to inspect such effects and check them against such inventory. The operator of a public lodging establishment is not liable or responsible to any guest for the loss of effects listed in such inventory in a total amount exceeding $1,000.