GREEN, J.
The appellant, Charles Bernard, Ltd. d/b/a/ Days Inn Art Deco/Convention Center (“Days Inn”) appeals an adverse final judgment entered pursuant to a jury verdict on a breach of contract claim filed by the appellee, Tobias Jewelry Limited (“To-bias”). We affirm.
Tobias is an Israeli jewelry manufacturer and exporter. This case arose out of the theft of Tobias’ jewelry from a safe located in a guest room at a Days Inn hotel on Miami Beach. On or about July 12, 1997, Nitzan Almog, a Tobias sales representative, checked into a Days Inn on South Beach. At the time, he was carrying a bag which contained jewelry samples valued in excess of $142,000. Almog did not tell the Days Inn clerk that he was a jewelry salesperson or that he was carrying jewelry because of his past victimization by professional jewelry thieves who target jewelry salespersons. Instead, Al-mog told the desk clerk that he had some valuable items with him and asked to place them in one of the hotel’s safes behind the counter. The safes behind the desk counter, however, were too small to accommodate his jewelry bag. The desk clerk then recommended that Almog use the safe located in his guest room. While Almog did not disclose to the clerk the exact contents of the bag, he reiterated that he had “some valuable items.” The desk clerk replied “don’t worry, it’s safe to put it [the valuable items] there [in the room’s safe].” Located on the front desk of the hotel where Almog and the desk clerk were discussing the use of the safe was a sign which read:
Because We Care
For your safety and convenience, a SAFEKEEPER is provided for you in the privacy of your room to secure and protect your valuables. By using the SAFEKEEPER, your valuables are insured up to $10,000. The minimal daily charge will be automatically added to your room account.
Also located on the front desk was another posted sign which stated, in pertinent part, that:
*713 [[Image here]]
THE HOTEL IS NOT RESPONSIBLE FOR LOSS OF VALUABLES LEFT UNPROTECTED
A PERSONAL SAFE WITH CONTENTS INSURANCE IN CASE OF FORCED ENTRY IS LOCATED IN EACH ROOM
A NOMINAL CHARGE OF $1.59 PER DAY IS ADDED TO YOUR ACCOUNT FOR THIS VALUABLE CONVENIENCE
* * * *
Almog went to his room and placed the bag in the safe. On the third and final night of his stay, Amog returned to his room after a day of sales calls in downtown Miami. He placed the bag in the SAFE-KEEPER, took the key to the safe with him and left the room to go to dinner. Upon his return to the room, he noticed that the SAFEKEEPER, which contained his jewelry bag, had been forcibly removed from the wall and floor.
As a result of this theft, Tobias sued Days Inn for breach of contract, which was premised upon the posted “Because We Care” sign and negligence. The case was tried before a jury. At the start of the trial, Days Inn moved in limine for the exclusion of any reference of its undertaking to procure insurance for its safe. This motion was granted over Tobias’ objection.[1] As a result, the jury was never made aware of any undertaking by Days Inn to procure any insurance on the contents of its safes in the guest rooms. The trial exhibits of the signs posted at the hotel were redacted to eliminate any reference to the $10,000 insurance.
The jury returned its verdict finding that Days Inn had breached its contract to keep Tobias’ property safe and secure and awarded damages in the amount of $142,-834.20. The jury also found for Tobias on its negligence count, specifically, finding that Days Inn had affirmatively misled Tobias into believing that its property would be safe and secure in the room safe. The jury did, however, find that Tobias was 35% comparatively negligent. In light of the jury’s verdict on its negligence claim, Tobias elected to have final judgment entered only as to its breach of contract action.
Days Inn filed a post-trial motion for determination of amount of judgment. In that motion, Days Inn argued that its liability on the contract claim should be capped at $10,000 in accordance with the terms of the parties’ contract. The trial court denied this motion and entered final judgment in Tobias’ favor for $142,834.20 plus prejudgment interest in the amount of $46,606.74 for a total of $189,440.94. Days Inn timely filed this appeal.
Days Inn argues that the trial court erred in not capping its liability on the contract claim to $10,000 pursuant to that provision of its posted “Because We Care” sign which states:
... By using the SAFEKEEPER, your valuables are insured up to $10,000.... Days Inn maintains that by this provision, its contract liability is limited to $10,000. We disagree. This plain and unambiguous provision merely states that valuables are insured up to $10,000 if they are placed in the SAFEKEEPER. It does not limit Days Inn’s total liability for a loss to that amount. Where, as here, the language used in a contract is unambiguous “the plain meaning of that language controls.” Acceleration Nat’l Serv. Corp. v. Brickell Financial Servs. Motor Club, Inc., 541 So.2d 738, 739 (Fla. 3d DCA 1989); see also Maher v. Schumacher, 605 So.2d 481, 482 (Fla. 3d DCA 1992). Thus, we conclude that the trial court correctly denied the post-trial motion to limit Days Inn’s liability on the contract claim to $10,000.
Days Inn alternatively asserts that its liability should have been limited pursu *714 ant to chapter 509.111, Florida Statutes (1995). That chapter limits an innkeeper’s liability if a copy of this statute is posted in the office, hall, or lobby or another prominent place of such public lodging establishment. See § 509.101, Fla. Stat. (1995); Fennema v. Howard Johnson Co., 559 So.2d 1231, 1233 (Fla. 3d DCA 1990). We conclude that Days Inn is estopped from relying upon this limitation of liability statute where the evidence at trial established and the jury specifically found that Days Inn .misled Tobias’ sales representative into believing that Tobias’ property would be safe in the safekeeper located in the guest room. See Fennema, 559 So.2d at 1235-36. As we indicated in Fennema, where an innkeeper misleads its guest into believing that the latter’s property may be safely placed at a particular location in the inn, this leads a guest to disregard whatever posted statutory procedures there might be for safeguarding a guest’s property generally, hence the innkeeper is es-topped from relying upon the statutory limitation. Id. at 1234-35.
Thus, for the foregoing reasons, we affirm the final judgment entered in this cause.
Affirmed.

. Outside of the presence of the jury, Tobias proffered evidence that Days Inn never in fact procured the $10,000 insurance referenced in its posted "Because We Care” sign.