KLEIN, J.
Petitioner, who signed an agreement to purchase a new town home, sued the developer seeking specific performance and for a return of her deposit. The trial court granted the developer’s motion for summary judgment on specific performance, and then transferred the claim for refund of the deposit to county court. Petitioner seeks certiorari review of this non-final order. Petitioner cites Johnson v. Wan *338 der, 592 So.2d 1225 (Fla. 3d DCA 1992) as authority for reviewing by certiorari a circuit court order granting partial summary judgment and transferring the remainder of the case to county court.
The trial court did not err, let alone depart from the essential requirements of law, the standard of review on certiorari, in disposing of the specific performance claim. Petitioner was required by the contract to obtain financing. When asked why she did not pursue financing to completion, she testified that she was in the process of separating from her husband and had no money. She also admitted that, because she and her husband were separating, they could not go through with the purchase of the town home.
Petitioner argues that, in spite of this testimony, the developer did not meet its obligation of demonstrating the absence of material issues of fact in order to prevail on its motion for summary judgment, citing Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Holl, the landmark summary judgment decision in Florida, was a medical malpractice ease. Although summary judgments on issues of negligence probably have a higher than average reversal rate, it is a myth that summary judgments in general are particularly susceptible to reversal. In a case such as this one, where petitioner’s claim for specific performance is so inconsistent with her actions and testimony as to make it clear that she had neither the intent nor the means to close under this contract, which made time of the essence, it was incumbent on the trial court to grant the motion.
We therefore deny the petition.
STEVENSON and TAYLOR, JJ., concur.