Jack GARRETT, Appellant,

v.

IMPAC HOTELS 1, L.L.C., d/b/a Holiday Inn St. Louis Airport North, Respondent.

No. ED 80260.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 8, 2002.

Jeffrey T. Davis, Springfield, MO, for Appellant.

James E. Whaley, Thomas M. Ward, St. Louis, MO, for Respondent.

Before DRAPER III, P.J., MARY R. RUSSELL, J., and MARY K. HOFF, J.

GEORGE W. DRAPER III, Presiding Judge.

Jack Garrett (hereinafter, "Appellant") filed suit against Impac Hotel 1, L.L.C., d/b/a Holiday Inn St. Louis Airport North (hereinafter, "Hotel") alleging Hotel failed

to adequately warn him about criminal activity on its parking lot. The trial court granted Hotel's motion for summary judgment. This appeal follows.

On the night of March 29, 1998, Appellant and his wife checked into Hotel. They planned to take advantage of Hotel's "Park and Fly" package. Under the terms of the Park and Fly package, Hotel provided one night of lodging to individuals, a shuttle service to Lambert International Airport, and allowed the individuals to keep a vehicle on Hotel's parking lot for up to two weeks.

Appellant and his wife checked out of their room on March 30, 1998. They returned to their vehicle and placed several items in it. Then, they utilized Hotel's shuttle service to the airport and departed on their vacation. Eighteen days later, on April 17, 1998, Appellant and his wife returned from their vacation and took Hotel's shuttle back to Hotel. When they went to the location where their vehicle was parked, they discovered it had been stolen.

Appellant brought suit against Hotel for failing to adequately warn him about criminal activity on its parking lot. The trial court granted Hotel's motion for summary judgment. Appellant appeals the judgment of the trial court.

In review of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is intended to move the parties beyond the petition's allegations and determine if a material fact for trial exists. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993). Appellate review of the grant of summary judgment is purely a question of law and, hence, employs the same criteria as imposed by the trial court

in its initial determination of the propriety of the motion. *ITT Commercial Finance*, 854 S.W.2d at 376.

When a "defending party" moves for summary judgment, the right to judgment as a matter of law is established by showing "(1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense." *ITT Commercial Finance*, 854 S.W.2d at 381. Following the moving party's prima facie showing, summary judgment will be granted if the responding party fails to reply with specific facts showing a genuine issue of material fact exists for trial or with a demonstration that judgment as a matter of law is incorrect. Rule 74.04(e).

Once the moving party has established a right to judgment as a matter of law, the nonmoving party's only recourse is to show that there is a genuine dispute of a material fact by offering affidavits, depositions, answers to interrogatories, or admissions. *ITT Commercial Finance*, 854 S.W.2d at 381. Any evidence presented that demonstrates a genuine issue of material fact will defeat the moving party's prima facie showing. *Landes v. State Farm Fire and Casualty Co.*, 907 S.W.2d 349, 353 (Mo. App. W.D.1995). If a genuine issue of fact exists, summary judgment cannot be granted. Rule 74.04(c)(3). Parties may not avoid summary judgment by introducing their own statements of conclusory allegations in order to create a genuine issue of material fact. *Kellog v. Kellog*, 989 S.W.2d 681, 687 (Mo.App. E.D.1999).

Appellant raises two points on appeal. In his first point on appeal, Appellant alleges that due to the special relationship created by Appellant utilizing Hotel's marketing package and Hotel's knowledge of criminal activity on the parking lot, this created a duty to warn. We must disagree.

■■■ Generally, a business does not owe a duty to protect its invitees from criminal activity. *M.C. v. Yeargin,* 11 S.W.3d 604, 612 (Mo.App. E.D.1999). However, there are "obligations imposed upon a party to protect others against a deliberate criminal attack by a third person." *Keenan v. Miriam Foundation,* 784 S.W.2d 298, 302 (Mo.App. E.D.1990). These obligations are imposed where there are either special relationships or special circumstances. *Yeargin,* 11 S.W.3d at 612. Appellant brought this case under the special relationship of an innkeeper and its guest.

We impose liability when a special relationship between the business and the invitee exists such that the plaintiff entrusts him or herself "to the protection of the defendant and relied upon the defendant to provide 'a place of safety.' " Historically, this relationship developed from the relationship of a common carrier to its passengers which is analogous to the relationship between an innkeeper and its guests. The relationship between the innkeeper and its guests imposes affirmative duties upon the innkeeper in the protection of persons and property.

*Id.* (citations omitted). The duty imposed by the innkeeper-guest relationship is terminated when the guest pays his or her bill and checks out of the hotel. *McKeever v. Kramer,* 203 Mo.App. 269, 218 S.W. 403, 404–05 (St.L.Dist.1920).

■■■ Appellant asserts that since he was a guest at some time, Hotel is duty bound to protect his vehicle in the parking lot even after he has checked out and terminated innkeeper-guest relationship with Hotel. Uniformly, Missouri courts have used the special relationship exception of innkeeper-guest to protect individuals who suffer bodily harm; the courts have not invoked this exception for the use of property damage. *See M.C. v. Yeargin,* 11 S.W.3d 604 (Mo.App. E.D.1999) (woman raped while the hotel security guards listened and failed to apprehend perpetrator); *Virginia D. v. Madesco Investment Corp.,* 648 S.W.2d 881 (Mo. banc 1983) (woman assaulted by a male intruder in restroom of lower lobby of motor hotel); *Shute v. Prom Motor Hotel, Inc.,* 446 S.W.2d 137 (Mo.App.K.C.Dist.1969) (man fell down staircase that did not have adequate lighting); *Lonnecker v. Borris,* 360 Mo. 529, 229 S.W.2d 524 (1950) (innkeeper required to maintain premises and furnishings in a reasonably safe condition after woman injured on a wire underneath hotel chair); *Phegley v. Graham,* 358 Mo. 551, 215 S.W.2d 499 (1948) (guest fell down elevator shaft of self-operated elevator); *Dalzell v. Dean Hotel Co.,* 193 Mo.App. 379, 186 S.W. 41 (K.C.Dist.1916) (plaintiff suffered mental distress and a miscarriage when forced to vacate her room while still a guest). The history of cases imposing liability on an innkeeper are concerned with providing guests a physical place of safety.

Appellant stated at oral argument that the only way he could prevail was by this Court extending the innkeeper-guest relationship to include the personal property of a guest left on a hotel's parking lot after checking out of a hotel. Appellant stated that the only reason he stayed at Hotel was due to Hotel's marketing of its "Park

and Fly" package.[1] Under the terms of Hotel's package, a guest could stay at Hotel for one night, leave a car in the parking lot for up to two weeks, and be provided round-trip transportation to the airport.[2]

Appellant stated, in his response to the motion for summary judgment, he asked whether "it" was a safe place to park,[3] and the person Appellant asked responded "Yes." It is unclear from the record before us who Appellant asked about "it" and whether the unidentified person could have been an individual with sufficient authority to bind Hotel by asserting "it" was safe. Appellant fails and is perhaps unable to identify the person he asked about the safety of the parking lot nor is it clear that Appellant attempted to locate that individual to obtain a statement that could present a genuine issue of material fact. Additionally, there is no indication Appellant made further inquiry as to the security of the parking lot even though he acknowledged reading a sign in the parking lot that Hotel guests were allowed to park as a courtesy, but that users assume all risk and responsibility.

After Appellant checked out of Hotel and went on his trip, he was no longer a guest. Hotel's innkeeper-guest relationship and duty to protect was terminated at that time. There was no bailment of Appellant's vehicle because upon Appellant's return, he was at liberty to drive home without any hindrance from or interaction with Hotel. *See West County Internal Medicine, Inc. v. Domian Standard Service, Inc.,* 725 S.W.2d 116, 118 (Mo.App. E.D.1987). Hotel would have had to assume a greater duty than that of the innkeeper-guest relationship in order to be liable for Appellant's vehicle which remained on Hotel property after Appellant was no longer its guest.

Under the facts and circumstances of the instant case, this Court is unable to extend the innkeeper-guest relationship to require a hotel to protect the personal property of former guests left on a parking lot for an indefinite period of time. Appellant was not a guest at the time of the criminal activity on the parking lot. According to Hotel's terms for the "Park and Fly" package, Appellant was only invited to park his vehicle on the lot for two weeks. Further, assuming Hotel assumed a duty of care for the duration of its "Park and Fly" marketing package, Appellant's contention that Hotel is liable still falters. Appellant checked out of Hotel and departed on March 30, 1998. Appellant did not return to Hotel until April 17, 1998— eighteen days after his departure. Appellant's truck remained on the parking lot for more than the contracted upon time; thereby, effectively terminating any special relationship he had with Hotel at the end of two weeks. Thus, Appellant was beyond the terms of the "Park and Fly" package.[4] Under circumstances presented

---

1. It is unclear from the record before us whether or not Hotel was aware Appellant intended to take advantage of the Park and Fly package.

2. Since review by this Court is essentially *de novo, ITT,* 854 S.W.2d at 376, it is beneficial to have the entire deposition testimony to provide context, clarity, and a possible ground on which to affirm or reverse the trial court's judgment.

3. We assume that "it" refers to Hotel's parking lot.

4. There was no genuine issue of material fact presented that Appellant's vehicle met its demise during the two week period of time covering the "Park and Fly" package nor that the duty of Hotel was extended through the time in which Hotel allowed patrons to take advantage of the increased parking offer. Under a different fact scenario, Appellant's assertion that he inquired of a Hotel employee into the safety of the parking lot may have

to this Court and based on our own independent research, we cannot find a reason to extend the innkeeper-guest relationship to an individual who was not a guest.[5] Hence, Hotel did not owe a duty of care toward Appellant. Point denied.

■ Second, Appellant claims there is a genuine issue of material fact as to whether Hotel breached its duty to warn of a risk of theft because an employee said the parking lot was safe. As discussed in the first point on appeal, Hotel does not owe Appellant a duty of care. Since Hotel does not owe Appellant a duty of care, there can be no liability. Point denied.

The judgment of the trial court is affirmed.

MARY K. HOFF, J., concurs with GEORGE W. DRAPER III, P.J.

MARY R. RUSSELL, J., dissents in separate opinion.

MARY R. RUSSELL, J., dissenting.

I respectfully dissent because Impac Hotels 1, L.L.C., doing business as Holiday Inn St. Louis Airport North ("Hotel"), was not entitled to judgment as a matter of law, and a genuine issue of material fact existed.

Jack Garrett ("Guest") claims liability against Hotel based on information he allegedly obtained from a Hotel employee while he was staying at Hotel. Guest, a non-resident of the area, was taking advantage of Hotel's offer of a lodging and parking package while he flew round-trip via the nearby airport. He maintains that during his stay he asked a Hotel employee whether it was safe to park in Hotel's parking lot and the employee responded affirmatively. The crux of Guest's argument stems from Hotel's duty when responding to an inquiry as to the safety of its parking lot.

A special relationship exists between hotel operators, or innkeepers, and their guests "so as to impose affirmative duties [on hotel operators] in the protection of persons and property." *Virginia D. v. Madesco Inv. Corp.*, 648 S.W.2d 881, 885 (Mo. banc 1983) (noting that "[t]here is a special relationship between hotel operators ... and their guests, so as to impose

---

presented a genuine issue of material fact to show that Hotel breached its duty; however, because we hold Hotel had no duty to Appellant, there can be no breach.

5. The dissent cites three cases from other jurisdictions where hotel guests have survived summary judgment by alleging that hotel employees affirmatively misled them to believe their property would be safe in the parking lot. However, those cases are distinguishable and do not persuade us to depart from the plethora of caselaw in Missouri. In *Fennema v. Howard Johnson Co.*, 559 So.2d 1231 (Fla. Dist.Ct.App.1990), the innkeeper was estopped from asserting the limitation of liability statute after an admittedly and clearly identified employee affirmatively advised two guests to park in a particular location after being advised as to the value of the contents of guests' vehicle. The guests had not terminated their relationship with the hotel at the time their vehicle was stolen nor was there a

sign in the parking lot disavowing liability. In *Plant v. Howard Johnson's Motor Lodge*, 500 N.E.2d 1271 (Ind.Ct.App.1986), guests overcame the hotel's summary judgment motion after presenting facts they informed the hotel that the vehicle contents were valuable, and an admittedly and clearly identified employee directed them to park in a specific location due to a security patrol. As in the previous case, there was no sign in the hotel's parking lot limiting its liability and the plaintiffs were guests at the time their vehicle was stolen. In *David v. Prime Hospitality Corp.*, 676 So.2d 1049 (Fla.Dist.Ct.App.1996), the court granted the hotel's overnight guest the opportunity to introduce evidence to prove that he was affirmatively misled by an admittedly and clearly identified employee after his personal belongings were stolen from his vehicle in the hotel parking lot while he was still a guest.

affirmative duties in the protection of persons and property"); *see also M.C. v. Yeargin,* 11 S.W.3d 604, 612 (Mo.App.1999) (noting that "[t]he relationship between the innkeeper and its guests imposes affirmative duties upon the innkeeper in the protection of persons and property").

Guest is not arguing that Hotel should have protected his truck following his checkout from Hotel. Indeed, Guest's attorney acknowledged at oral argument that had he claimed damages against Hotel on a bailment theory, he was certain to lose, which is why he pursued a different theory of recovery. Guest's claim is premised instead on the special relationship between himself and Hotel *at the time of his inquiry about the parking lot* and his right to present his case to a jury to allow it to delineate the scope of Hotel's duty.

I find Hotel had an affirmative duty to protect Guest's person and property at the time of his inquiry as to the safety of the parking lot. Although the trial court does not expound its reasons for granting summary judgment, a grant of summary judgment based on the conclusion that Hotel owed no duty of care to Guest at the time of his inquiry would be erroneous.

After a duty of care has been established, "[t]he important question for the jury in any negligence case is to determine what is reasonable or ordinary care considering the duty the defendant owes the plaintiff in the particular negligence case." *Cumming v. Allied Hotel Corp.,* 144 S.W.2d 177, 181 (Mo.App.1940). Whether Hotel's duty to exercise reasonable care was satisfied by a sign in the parking lot warning users that they assume all risks and responsibility or whether it owed Guest a duty to respond to his questions in a particular manner is an issue for the jury to decide.[1]

Moreover, Guest alleges and I agree that contradictory evidence creates a genuine issue of material fact sufficient to survive summary judgment. Guest contends he was advised by one of Hotel's employees that the lot was a safe place to leave his truck, despite the fact that scores of vehicles had been stolen from the lot. In contrast, Hotel contends Guest was aware of the risk of theft.

The majority opinion correctly states that a party may not create a genuine issue of material fact in order to avoid summary judgment "by introducing conclusory allegations." *See Kellog v. Kellog,* 989 S.W.2d 681, 687 (Mo.App.1999). Our standard of review further requires that on appeal from summary judgment, we review the record in the light most favorable to Guest because he is the party against whom judgment was entered. *Letsinger v. Drury College,* 68 S.W.3d 408, 410 (Mo. banc 2002) (*citing ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993)). Guest's statements were not merely conclusory allegations; rather they were an account of his communication with Hotel's employee. I find that the conflicting evidence consists of more than just "conclusory allegations" and demonstrates the existence of a genuine issue of material fact.

Summary judgment should not have been granted because Hotel owed Guest a duty and a genuine issue of material fact

---

1. Hotel guests have survived summary judgment in other jurisdictions by alleging that hotel employees affirmatively misled them to believe their property would be safe in the hotel's parking lot. *See Fennema v. Howard Johnson Co.,* 559 So.2d 1231, 1234–35 (Fla. Dist.Ct.App.1990); *Plant v. Howard Johnson's Motor Lodge,* 500 N.E.2d 1271, 1272 (Ind.Ct. App.1986). *See also David v. Prime Hospitality Corp.,* 676 So.2d 1049, 1050 (Fla.Dist.Ct. App.1996).

existed as to whether that duty was breached. The jury should decide the extent of Hotel's duty of care under the facts and circumstances of this case and determine whether Hotel acted in a reasonably prudent manner with respect to that duty.