A. Simon Eassa v. Willie Palmer, an Infant, by Ed Palmer, His Next Friend, etc.

192 So. 410
Division A
Opinion Filed December 5, 1939

*Phil O'Connell* and *James Nemec,* for Plaintiff in Error; *Adams & Nowlin,* for Defendant in Error.

Buford, J.—On writ of error we review judgment for plaintiff after entry of remittitur on condition of order of the trial court that unless such remittitur be entered, new trial would be awarded.

The order on motion for new trial is as follows:

"It is the conclusion of the court that ground four and ground five of the defendant's motion for a new trial, is each well founded.

"Thereupon, It Is Ordered and Adjudged that, if plaintiff shall within fifteen (15) days from date, enter a remittitur in the amount of $3,000.00, the defendant's motion for new trial shall be denied and judgment entered for

$2,000.00; and that, if the plaintiff shall fail to enter a re-mittitur in the amount of $3,000.00 within fifteen (15) days from date, the motion for new trial shall be granted, on grounds four and five."

Grounds four and five of the motion referred to in the order are:

"4. That the verdict is excessive.

"5. That the amount of the verdict is so great as to shock the judicial conscience and to indicate that the jury must have been unduly influenced or swayed by bias, passion or prejudice."

From an examination of the whole record, we reach the conclusion that the case is ruled by the principles of law stated by us in the case of A. C. L. R. R. Co. v. Moore, 135 Fla. 485, 186 Sou. 210, wherein we said:

"The *ad damnum* clause in the declaration claimed $50,000 damages; the jury returned a verdict for that amount. The trial judge on motion for new trial reduced it to $15,000, less than one-third of the amount allowed by the jury. This would seem to show conclusively that it was influenced by improper considerations, that it was shocking to the judicial conscience, that it was a nullity in the first instance, and as corrected was the verdict of the court, and in no sense that of the jury."

It is true that in the instant case the *ad damnum* clause, of the declaration claimed $20,000.00 damages and the verdict was only for $5,000.00, but the court in holding that grounds four and five of the motion for new trial "is each well founded" in effect held "that the amount of the verdict is so great as to shock the judicial conscience and that the jury must have been unduly influenced or swayed by bias, passion or prejudice." Having reached that con-clusion, the applicable law is that the verdict was illegal.

The imposing the condition of a remittitur in such case was the substitution of the court's verdict for that of the jury.

For the reasons stated, the judgment should be reversed and a new trial awarded.

It appears, however, that except for the illegality of the verdict, *supra,* there is no other reversible error reflected by the record. In fact, this is the only error that is insisted upon by the plaintiff in error.

We, therefore, think that the ends of justice will be best served by remanding the cause for a new trial on issue of the measure of, and award of, damages only.

So ordered.

Reversed and remanded.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.