163 So.2d 267 (1964)
Phyllis LA PORTE, Petitioner,
v.
ASSOCIATED INDEPENDENTS, INC., a Florida corporation, Respondent.
No. 33167.
Supreme Court of Florida.
April 3, 1964.
Rehearing Denied May 13, 1964.
Morgan, Carratt & O'Connor, Fort Lauderdale, for petitioner.
Gotthardt, Christie & Shepard, Miami, for respondent.
THOMAS, Justice.
An action for damages was brought by the petitioner, then plaintiff, against the defendant, now respondent, based on facts we will presently, briefly relate. The plaintiff, was awarded a verdict of $2000. compensatory damages and $1000. punitive damages. The subsequent judgment was appealed to the District Court of Appeal, Second District, and there reversed for reconsideration not of "the issue of liability, but for determination only of compensatory and punitive damages."
The appellate court observed that appellant was contending error had been committed by the trial judge when he charged the jury that the plaintiff could recover for alleged mental suffering. The question here is simplified by the apparent concession on the part of the respondent that under the evidence the jury could believe the petitioner was entitled to recover both compensatory and punitive damages, which have been allowed, however, the respondent complains that the element of mental suffering was injected improperly by the judge's instruction.
The respondent is a corporation engaged in the business of collecting garbage. Among its customers was the petitioner. Early one morning, while the petitioner was occupied in the preparation of breakfast, a garbage collector came for the refuse. The petitioner had tethered her pet, a miniature dachshund, Heidi, outside the *268 house and beyond reach of the garbage can. Heidi was pedigreed and had been purchased two years before. She saw the garbage man empty the can and hurl it in the direction of the dog. Upon hearing her pet yelp, the petitioner went outside to find Heidi injured. The collector laughed and left. Heidi expired from the blow.
In the afternoon petitioner consulted a physician who later testified that she was upset to the point of marked hysteria and in such a plight that she could not recount the experience coherently. The doctor testified also that he had been treating her for nervousness for the past two years. But there is no need to pursue the matter of the effect of Heidi's demise upon her nervous system.
The narrow point for decision is whether or not the element of mental suffering was properly submitted to the jury for their consideration in assessing damages. It is humanly impossible, of course, to extract from the record whether or not the jury was influenced by that feature or, if so, to what extent. In these circumstances if no such factor should have been considered the opinion of the District Court of Appeal should not be disturbed so that upon re-trial the instruction on the point might be eliminated. If such damages are recoverable then the judgment of the trial court should prevail.
The petition for review here was based on an alleged conflict between the decision of the District Court of Appeal in the instant case and decisions of the Supreme Court in Kirksey v. Jernigan, 45 So.2d 188, 17 A.L.R.2d 766; Crane v. Loftin, 70 So.2d 574, and Slocum v. Food Fair Stores of Florida, 100 So.2d 396.
In the first of these cases it was shown that an undertaker had possessed and embalmed the body of a child without authority of the parent and had refused to surrender the body until a fee for the embalming was paid. The action of the parent for compensatory and punitive damages was dismissed in the trial court. The Supreme Court reversed the judgment and undertook to distinguish cases involving mental suffering from intentional or malicious torts and those in which mental suffering may have resulted from negligent acts. This court acknowledged its commitment to the rule that there could be no recovery for mental pain unconnected with physical hurt in an action arising from "negligent breach of a contract [when] simple negligence [was] involved."
The court then remarked that the rule would not, however, be extended to cases purely in tort "where the wrongful act is such as * * * reasonably [to] imply malice," or when from "great indifference to the persons, property, or rights of others, such malice will be imputed as would justify the assessment of exemplary or punitive damages."
It is to us obvious from the facts we have related that the act performed by the representative of the respondent was malicious and demonstrated an extreme indifference to the rights of the petitioner. Having this view we think there was no prohibition of punitive damages under the rule just cited relative to awarding compensation for mental pain, as would be the case if there had been physical injury resulting only from simple negligence. There must have been no dispute before the District Court of Appeal about the propriety of punitive damages for that court observed in the opinion: "Appellant [respondent] acknowledges that, under the version of the evidence which the jury must have accepted, appellee [petitioner] was entitled to recover both compensatory and punitive damages," leaving, as we have already written, the sole question whether or not in setting the amount of damages mental suffering could be considered as the trial court had charged.
The District Court of Appeal held that generally in the case of injury to, or destruction of, a dog only the market value of the animal or some special or pecuniary value could establish the amount of the *269 loss. Then the court concluded with the flat statement: "It is improper to include an allowance for sentimental value of the dog to its owner." The restriction of the loss of a pet to its intrinsic value in circumstances such as the ones before us is a principle we cannot accept. Without indulging in a discussion of the affinity between "sentimental value" and "mental suffering", we feel that the affection of a master for his dog is a very real thing and that the malicious destruction of the pet provides an element of damage for which the owner should recover, irrespective of the value of the animal because of its special training such as a Seeing Eye dog or sheep dog.
The respondent tries to distinguish between the Kirksey case, supra, and the instant one on two bases, namely, that in the former the body of a child was involved and in the latter a dog; that in the former there was a personal transaction between the undertaker and complainant while in the latter there was none since the garbage gatherer "did not even know the plaintiff was anywhere within sight, nor had he ever met her or seen the dog previously." As to the first of these we hasten to say that the anguish resulting from the mishandling of the body of a child cannot be equated to the grief from the loss of a dog but that does not imply that mental suffering from the loss of a pet dog, even one less an aristocrat than Heidi, is nothing at all. As for the matter of contact between the miscreant and the injured person, the attempted distinction is just too fine for us to accept.
We think upon serious consideration that the opinion of the District Court of Appeal sufficiently collides with our opinion in the cited case to justify our assuming jurisdiction and in such event, as we have often held, we extend our power to determination of the merits.
Before closing, we state that the other two cases with which conflict is claimed have been examined and found irrelevant because in Crane v. Loftin, supra, it was simply held that there could be no recovery for mental anguish suffered by the plaintiff when she fled her car as the defendant's train bore down upon her at a crossing since it was not established that the allegations about the operation of the train were sufficient to imply malice, entire want of care, wantonness, or great indifference to the rights of others.
In the third case the facts were so dissimilar as not to indicate a genuine conflict with the instant legal problem.
For the reasons given, the writ of certiorari is granted and the judgment of the District Court of Appeal is quashed with directions to order the judgment of the trial court reinstated.
DREW, C.J., and O'CONNELL, CALDWELL and ERVIN, JJ., concur.