## KELLEY v. TYLER.

No. 64-263-F.

Small Claims Court, Broward County.

September 2, 1964.

Carl J. Zarcone, Fort Lauderdale, for plaintiff.

Miller, Tucker & Roth, Fort Lauderdale, for defendant.

## MILDRED S. AKERMAN, Judge.

This cause came before the court for trial of the issues on the plaintiff's statement of claim for damages allegedly sustained when the defendant destroyed the plaintiff's seven year old gelding palomino horse by shooting the animal without the plaintiff's consent, and converting the carcass to his own use by selling same for pet food. In the same action the plaintiff re-plevied a leg of the dead horse and caused the leg to be examined by plaintiff's witness, a veterinarian.

After hearing the sworn testimony of the plaintiff and the defendant and their witnesses, and argument of counsel, it appears to the court that though the plaintiff's resort to a replevin action to effect examination of a piece of evidence, to-wit: the leg of the dead horse, was improper procedure, the propriety of the replevin action was moot at the time of trial inasmuch as the purpose of the replevin had been accomplished prior to the trial date.

Testimony adduced the facts that the plaintiff had boarded a gelding palomino, a show horse, for which she had paid $375, with one Warren J. Caponey, a ranch owner, for some time: that one morning Caponey found the horse lying on the ground with a broken left hind leg, and suffering intense pain; that after failing in his attempt to contact the plaintiff, he called the defendant, a pet food manufacturer, who shot the horse and hauled the carcass to his place of business; that when the plaintiff's son went to the ranch to remove the horse to another ranch, he discovered the fate of the horse.

The defendant admitted that to his knowledge no attempt was made to call an animal doctor for examination of the horse before shooting it, and that he destroyed the horse for humane reasons, at the direction of Caponey.

A witness for the defendant, Dr. H. N. Makinson, a large animal practitioner, testified that he examined the left hind leg of the dead horse and discovered the skin of the leg was split and a break of the tibia tarsal bone at the juncture of the tarsal bone and the metatarsal; that the break occurred before the death of the horse; that the leg was frozen and therefore not flexible at the time of his examination; that in his diagnosis of similar cases, if there is a long bone break he recommends destruction of the animal, but if the bone is merely chipped it can be treated; that if the leg had to support much weight he would recommend destruction; that if this horse had survived after treatment, it would have no useful value except as a pet.

The court finds from the testimony that the carcass produced approximately 350 pounds of red meat and that the present market value is 31c per pound; that the overhead expenses were approximately $15.

Wherefore, the court finds that the defendant is guilty of conversion of the plaintiff's property, to-wit: the carcass of the demised horse, and that the defendant is liable to plaintiff for the reasonable value thereof; that the measure of plaintiff's damages is the reasonable value of the carcass of the animal at the time of conversion; that the value of the plaintiff's property

is $85.75, plus interest at 6% per annum from January 8, 1964, and that the plaintiff is entitled to recover this sum as actual damages; that the plaintiff failed to offer sufficient competent evidence to prove malicious destruction of the horse by the defendant to entitle her to compensatory and punitive damages, based on mental suffering of the plaintiff within the rule established in LaPorte v. Associated Independents, Inc., Fla. 1964, 163 So.2d 267, "where the wrongful act is such as to reasonably imply malice or where, from the entire want of care or attention to duty, or great indifference to the persons, property or rights of others, such malice will be imputed as would justify the assessment of exemplary or punitive damages", there being in the instant case a complete lack of evidence that the act performed by the defendant, i.e. shooting the horse with a broken leg, at the direction of the ranch owner, was malicious and demonstrated an extreme indifference to the rights of the plaintiff.

It is, therefore, ordered and adjudged that the plaintiff, Gladys Kelley, do have and recover of and from the defendant, James Tyler, the sum of $85.75, plus interest of $4.37, together with court costs now here taxed in the sum of $30, for which sum judgment is hereby entered for the plaintiff and against the defendant and for which let execution issue.