218 So.2d 217 (1969)
Saul LEVINE, Appellant,
v.
Robert KNOWLES, Appellee.
No. 68-312.
District Court of Appeal of Florida. Third District.
January 21, 1969.
Rehearing Denied February 11, 1969.
Kelner & Lewis, Miami, for appellant.
Frates, Fay, Floyd & Pearson, Fowler, White, Collins, Gillen, Humkey & Trenam, and Henry Burnett, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
CHARLES CARROLL, Chief Judge.
The appellant sued the appellee, a veterinarian, for damages for alleged negligent treatment resulting in death of his dog, and for wrongfully destroying the body of the dog. On a prior appeal we reversed a summary judgment entered in favor of the defendant. See Levine v. Knowles, Fla. App. 1967, 197 So.2d 329. In the opinion in that case, after holding that a dog is personal property and that the owner of such property, by the mere fact of its death, does not lose title to whatever value remains in the body, this court, with reference to the claim of the owner for damages for wrongful disposition of the dog's body, stated as follows:
"It would appear, therefore, that an owner has the same right of action to recover compensatory damages for the intrinsic value, if any, of a dead dog *218 wrongfully destroyed, that he would have for any other property wrongfully destroyed. Similarly, if the destruction were to be caused in such an outrageous manner as to amount to a willful, wanton, reckless, or malicious disregard of the owner's rights, punitive damages might be recoverable."
On the subsequent trial, after submission of the case to the jury and prior to rendition of a verdict, the jury submitted a question to the court, viz: "Our request is regarding the wording of our decision. We feel there is no guilt involved in the death of the dog. We feel there was neglect in the disposal of the dog's body and wish to award the plaintiff a sum of money to cover this. Our request is how to fill in our decision on the verdict form." The court's response to that question was: "If you find neglect in the disposal of the dog's body your compensatory damage would be the value of the dead dog's body." Previously the court had charged the jury that punitive damages could be awarded, in their discretion, incident to this claim.
After further deliberation the jury returned a verdict of $1,000 compensatory damages, leaving open the portion of the verdict which had been prepared for punitive damages, if allowed. The trial judge rejected that verdict and stated to the jury: "I think you had better take it back. If there aren't any punitive damages you should enter `none' or such amount as you intend to return. So all of you step back there again." The record shows that the jury retired as directed and two minutes later returned and resubmitted their verdict, having filled in "None" as to punitive damages. The verdict then was published in the following form: "We, the Jury, find for the Plaintiff Saul Levine and assess his compensatory damages in the sum of One Thousand and No/100 ($1,000.00) Dollars, and for the Plaintiff Saul Levine and assess his punitive damages in the sum of None ($0) Dollars." The jury was then polled, and each juror affirmed that as his verdict.
On hearing the defendant's subsequent motion for new trial, the trial judge ordered a remittitur to reduce the damages to $200, on the ground that the award was "excessive and contrary to the manifest weight of the evidence," with the alternative of a new trial on damages. That order contained the following statement by the trial court: "It appears unto the Court that the jury found an absence of proof in support of the plaintiff's claim for compensatory damages arising from the allegations of malpractice and resulting death of the dog, but the jury did conclude that the testimony established a negligent disposal of the dog's body following death, for which a verdict was returned in favor of the plaintiff thereon for compensatory damages in the amount of $1,000.00."
Inasmuch as it was sufficiently established at the time the verdict was received that the jury decided against the allowance of any punitive damages, and as there was no evidence of the value of the dead dog's body, and the only evidence of value of the dog when alive was $100, the trial judge was correct in concluding that excessiveness of the verdict was disclosed on the record and that the amount of the verdict was against the manifest weight of the evidence.
In the circumstances disclosed, the trial court was correct in limiting the granted new trial to damages for wrongful or negligent disposal of the dog's body. Eassa v. Palmer, 140 Fla. 835, 192 So. 410; Jesters v. Taylor, Fla. 1958, 105 So.2d 569; 2 Fla. Jur., Appeals § 375, p. 766.
Accordingly, the order appealed from is affirmed.

ON PETITION FOR REHEARING
PER CURIAM.
By petition for rehearing directed to our opinion dated January 21, 1969, the appellant views our opinion as limiting the new trial on damages, for negligent or *219 wrongful disposal of the dog's body, to compensatory damages only, and contends it was error to eliminate from consideration the element of punitive damages. We did not so intend. The trial judge's order, in providing for a new trial "on the issue of damages only arising from the negligent disposal of the dog's body following death," did not exclude the element of punitive damages. As pointed out in our opinion, this court on an earlier appeal in the case had ruled that for negligent or wrongful destruction of the dog's body recovery could be had of punitive damages, in addition to compensatory damages, if a proper evidentiary basis were established for the former. The fact that on the trial which was held, the jury awarded only compensatory damages and disallowed the claimed element of punitive damages will not preclude a second jury on retrial of the issues relating to damages from again considering the proper elements of damage. The new trial on damages should be governed accordingly. As clarified above, our opinion filed January 21, 1969, is adhered to, and the petition for rehearing is denied.