SWANN, Judge.
The allegations and facts necessary to this appeal are set forth in Levine v. Knowles, Fla.App.1967, 197 So.2d 329 and Levine v. Knowles, Fla.App.1969, 218 So.2d 217.
After the last mandate of this court issued and the cause was before the trial court, the defendant Knowles again moved for summary judgment on the question of punitive damages. The trial judge granted his motion for summary judgment on punitive damages and transferred the cause to the Civil Court of Record, in and for Dade County, Florida, for trial on the issue of compensatory damages only. There were no affidavits or counter affidavits submitted in support of the motion for summary judgment. The trial court based its summary judgment solely on a review of the record of the trial mentioned in our last opinion. This action of the trial court judge was contrary to our mandate and opinion in Levine v. Knowles, 218 So.2d 217.
In that opinion, we affirmed the trial court’s order of a new trial. The opinion held, on rehearing, that punitive damages, in addition to compensatory damages, could be recovered if a proper evi-dentiary basis were established and that “the trial judge’s order, in providing for a new trial ‘on the issue of damages only arising from the negligent disposal of the dog’s body following death’ did not exclude the element of punitive damages.”
The plaintiff, therefore, should be allowed his day in court to prove, if possible, compensatory and punitive damages. It would appear unfair that plaintiff be denied this right because of a summary judgment based only on evidence submitted during a prior trial which the trial court itself considered so improper as to constitute grounds for a new trial.
If, during the trial of this case, the plaintiff does not present sufficient or proper evidence to establish punitive damages, the trial court may properly withdraw this issue from consideration by the jury and direct a verdict on this point.
The petition for writ of cer-tiorari is, therefore, granted and the order of June 2, 1969, eliminating punitive damages before the ordered new trial and transferring the case to the Civil Court of Record (with jurisdiction not exceeding $5,000) is quashed, and the cause is remanded to the Circuit Court for further proceedings not inconsistent with our prior opinions in the case and this opinion. However, inasmuch as the value of the dog while alive, to the extent disclosed in the cause, was in the neighborhood of $100, and punitive damages, if found and allowed by a jury, should not be for more than an amount which would bear reasonable relation to the compensatory damages, if the Circuit Court, upon remand of the cause, should conclude from the foregoing that the complaint does not present a good faith claim of damages (compensatory and punitive) for an amount in excess of $5,000, then, instead of retrial in the Circuit Court, that court properly may transfer the case to the Civil Court of Record, to be retried there on the plaintiff’s claims for compensatory and punitive damages.
It is so ordered.