360 So.2d 37 (1978)
KNOWLES ANIMAL HOSPITAL, INC., Appellant,
v.
Helen WILLS and Howard Wills, her Husband, Appellees.
Helen WILLS and Howard Wills, Her Husband, Appellants,
v.
Dr. Robert KNOWLES, Appellee.
Nos. 77-1758, 77-1754.
District Court of Appeal of Florida, Third District.
June 13, 1978.
Rehearing Denied July 14, 1978.
*38 Goldstein & Goldstein and Caron Balkany, Miami, for Wills.
Corlett, Merritt, Killian & Sikes, Greene & Cooper and Sharon L. Wolfe, Miami, for Knowles.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.) Associate Judge.
PER CURIAM.
Helen Wills and Howard Wills filed an action against Knowles Animal Hospital, Inc., and Dr. Robert Knowles for injury to plaintiffs' dog, and for consequent physical and mental pain and suffering caused thereby to plaintiffs. It was alleged that the defendants were guilty of gross negligence resulting in a severe burn and disfigurement being inflicted on the dog. Plaintiffs sought compensatory and punitive damages. Jury trial resulted in favor of the defendant, Dr. Knowles, and a verdict and judgment in favor of plaintiffs against defendant Hospital corporation for $13,000.00 made up of awards of $1,000.00 and $12,000.00.
The defendant Hospital appealed (No. 77-1758) and plaintiffs appealed from the judgment in favor of Dr. Knowles (No. 77-1754). We affirm the judgments appealed from.
Following an operation on the dog, it was placed on a heating pad in a cage and permitted to remain thereon in the hospital for a day and the better part of a second day with an absence of care or attention. Severe burn on one side of the dog was the result. The plaintiffs' claim of physical and mental suffering which followed was sustained in the evidence. Thereafter, elsewhere, the dog underwent treatment, and partly because of the effect of that injury to the dog and because of another unrelated adverse condition which developed, the dog subsequently was required to be put away. On authority of Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950), and LaPorte v. Associated Independents, Inc., 163 So.2d 267 (Fla. 1964), we hold that the court did not commit err by including for consideration of the jury the element of the mental pain and suffering of the plaintiff-owners of the dog. Additionally, on the evidence the jury could, and no doubt did view the neglectful conduct which resulted in the burn injury suffered by the dog to have been of a character amounting to great indifference to the property of the *39 plaintiffs, such as to justify the jury award. See: Levine v. Knowles, 197 So.2d 329 (Fla. 3d DCA 1967); Levine v. Knowles, 218 So.2d 217 (Fla. 3d DCA 1969); Levine v. Knowles, 228 So.2d 308 (Fla. 3d DCA 1969).
Affirmed.