## Banasczek v. Kowalski

Before Olszewski and Toole, *JJ.*

*Catherine J. Garbus,* for plaintiff.
*Raymond J. Sobota,* for defendant.

OLSZEWSKI, *J.,* January 30, 1979—Edward Banasczek (plaintiff) instituted an action in trespass against William Kowalski (defendant) for money damages resulting from the alleged shooting of two of plaintiff's dogs. Preliminary objections in the form of a motion for more specific pleading and demurrer were filed on behalf of defendant to plaintiff's complaint.

• • •

Count II of the preliminary objections is in the nature of a demurrer. In support of the demurrer, defendant claims that there is no basis in Pennsylvania law for compensation for emotional distress and mental anguish to plaintiff as a result of the loss of a pet dog.

Apparently this precise issue is a matter of first impression in Pennsylvania. It seems clear that our appellate courts have recognized the tort of intentional infliction of mental distress, although the scope of the tort remains to be defined. See: Cucinotti v. Ortmann, 399 Pa. 26, 29, 159 A. 2d 216 (1960); Forster v. Manchester, 410 Pa. 192, 199, 189 A. 2d 174 (1963); Papieves v. Kelly, 437 Pa. 373, 378-380, 263 A. 2d 118 (1970); Jones v. Nissenbaum, Rudolph & Seidner, 244 Pa. Superior Ct.

377, 382, 368 A. 2d 770 (1976); and Beasley v. Freedman, ____ Pa. Superior Ct. ____, 389 A. 2d 1087, 1088-1089 (1978). Moreover, our lower courts have recognized the tort of intentional infliction of mental distress in a variety of circumstances, though none precisely like the ones before us: Bland v. Bland, 50 D. & C. 2d 44 (1970), involving the clandestine removal of a minor from her mother's home by her father; Scarf v. Koltoff, 70 D. & C. 2d 382 (1975), involving the witnessing of a spouse being struck by an automobile; Benjamin v. Global Collection Agency, 71 D. & C. 2d 56 (1974), involving debt-collection practices; and Lopatofsky v. St. Paul Fire & Marine Insurance Co., opinion of Toole, *J.*, filed to No. 10722 of 1977 and dated September 18, 1978, involving malicious refusal of insurance company to make payment of a valid insurance claim.

Two appellate court cases outside Pennsylvania, however, have recognized the right of dog owners to recover for mental suffering caused by the destruction of the owner's dog. First the Supreme Court of Florida, in LaPorte v. Associated Independents, Inc., 163 So. 2d 267, 269 (1964), allowed recovery for mental suffering and in so doing noted "that the affection of a master for his dog is a very real thing and that the malicious destruction of the pet provides an element of damage for which the owner should recover, irrespective of the value of the animal. . . ." Secondly, the Court of Civil Appeals of Texas, in City of Garland v. White, 368 S.W. 2d 12, 17 (1963), affirmed the award of damages for mental suffering to the owner of a dog shot and killed by policemen who came onto the property on which the dog was located without permission. See

also, 1 A.L.R. 3d 992, 1010, and 3A C.J.S. 832, §313-314. We are inclined to follow this line of cases.

Accordingly, since, as noted in Papieves v. Kelly, supra, at p. 381, "[p]reliminary objections in the nature of a demurrer should be sustained only where it appears with certainty that upon the facts averred the law will not permit the plaintiff to recover," and since we think the more enlightened view is to allow recovery for emotional distress in the instance of the malicious destruction of a pet, we must deny defendant's demurrer.

In doing so, we feel we must make two final comments. First, the claim for emotional distress arising out of the malicious destruction of a pet should not be confused with a claim for the sentimental value of a pet, the latter claim being unrecognized in most jurisdictions. Secondly we do not think, as defendant argues, that the owner of the maliciously destroyed pet must have witnessed the death of his or her pet in order to make a claim for emotional distress. See City of Garland v. White, supra.

By way of summary then, the preliminary objections raised by defendant in the form of a motion for more specific pleading and demurrer must be denied.

## ORDER

January 30, 1979 it is ordered, adjudged, and decreed that the preliminary objections of defendant are hereby dismissed. Defendant is directed to file responsive pleadings to plaintiff's complaint within 20 days of the date hereof.