OPINION OF THE COURT
Zelda Jonas, J.
Plaintiffs, husband and wife, have commenced an action to recover for the death of the family dog. According to the allegations in the verified complaint, the plaintiffs were walking their three dogs on the side of the street on a quiet residential road in Lake Success when the defendant allegedly drove her automobile at an excess rate of speed striking plaintiffs’ dog, Coco. Plaintiff wife claims that she was walking Coco when she *510 leaped out of the path of the speeding automobile, narrowly escaping serious injury. Coco was not as fortunate and was crushed by the automobile.
The first cause of action alleges that the defendant was negligent in the operation of the automobile, and the negligence caused the death of plaintiffs’ dog. Defendant states that this cause of action is not the subject of defendant’s motion to dismiss for failure to state a cause of action. Likewise, defendant is not moving to dismiss the fourth cause of action for emotional distress as a result of plaintiff wife’s fear for her own safety.
Defendant has moved to vacate the plaintiffs’ second and third causes of action to recover for the emotional distress of both plaintiffs, husband and wife, due to the witnessing of the death of their dog.
There is no doubt that some pet owners have become so attached to their family pets that the animals are considered members of the family. This is particularly true of owners of domesticated dogs who have been repeatedly referred to as “Man’s Best Friend” and a faithful companion. The court can empathize with the plaintiffs’ alleged horrific viewing of the death of the family dog, Coco, at the mercy of an automobile. It is not inconceivable that pet owners would seek some remuneration for the death of a faithful and loyal friend. However, the law is clear that pet owners cannot recover for emotional distress based upon an alleged negligent or malicious destruction of a dog, which is deemed to be personal property (Jason v Parks, 224 AD2d 494; Fowler v Town of Ticonderoga, 131 AD2d 919). The extension of such thinking would permit recovery for mental stress caused by the malicious or negligent destruction of other personal property, i.e., a family heirloom or prized school ring. Although we live in a particularly litigious society, the court is not about to recognize a tortious cause of action to recover for emotional distress due to the death of a family pet. Such an expansion of the law would place an unnecessary burden on the ever burgeoning case loads of the court in resolving serious tort claims for injuries to individuals. Therefore, defendant’s motion for dismissal of the second and third causes of action is granted since both causes of action are insufficient as a matter of law.
Defendant’s motion to dismiss the plaintiffs’ fifth and sixth causes of action for being in the zone of danger and witnessing the death of their dog is granted. The zone of danger rule has only been applicable to the observance of the death or *511 serious injury of an immediate family member who is a person (Bovsun v Sanperi, 61 NY2d 219). As stated by Judge Kaye in the dissent of Bovsun v Sanperi (supra, at 235-236), “ ‘While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree.’ ” The court is unaware of any recent case law extending the rule to the loss of a family pet.
Defendant’s motion to dismiss plaintiffs’ seventh cause of action for punitive damages is granted. Punitive damages are only available to vindicate public rights and not private wrongs (P.W.B. Enters. v Ark Mgt. Corp., 227 AD2d 104).
Accordingly, defendant’s motion for an order dismissing the second, third, fifth, sixth, and seventh causes of action in plaintiffs’ complaint to recover damages for the emotional distress, pain and suffering, and punitive damages from witnessing the death of their dog is granted pursuant to CPLR 3211 (a) (7).