867 So.2d 1195 (2004)
Robert Bruns KENNEDY, Petitioner,
v.
Dr. Albert BYAS, d/b/a Agape Animal Hospital, Respondent.
No. 1D03-3234.
District Court of Appeal of Florida, First District.
March 4, 2004.
*1196 Clayton R. Syfrett, of Syfrett & Kykes Law Offices, P.A., Panama City, for petitioner.
B. Richard Young and Elizabeth A. Parsons, of Young, Bill, Fugett & Roumbos, P.A., Pensacola, for respondent.
WOLF, C.J.
Robert Kennedy, the plaintiff in the trial court, has filed a petition for Writ of Certiorari asking us to quash an order granting the respondent's motion to transfer petitioner's action from circuit court to county court. Petitioner contends that the circuit judge's order determining that he could not collect emotional distress damages based on veterinary malpractice in the treatment of his basset hound constituted a departure from the essential requirements of law. We disagree, deny the petition, and certify conflict with the Third District Court of Appeal's decisions in Johnson v. Wander, 592 So.2d 1225 (Fla. 3d DCA 1992), and Knowles Animal Hosp., Inc. v. Wills, 360 So.2d 37 (Fla. 3d DCA 1978).
The petitioner filed a two count complaint against his veterinarian, Dr. Byas, seeking damages for veterinary malpractice in the treatment of his basset hound. In count I, petitioner alleged negligence and emotional distress; in count II, the petitioner alleged fraud. Dr. Byas filed a motion for partial summary judgment. The defense motion for partial summary judgment was granted with respect to Kennedy's claim for emotional distress damages, finding that, even if all allegations were proven, the petitioner could not recover for emotional distress, mental pain and suffering, or mental anguish. The court denied the motion with respect to the fraud claim.
After discovery, Dr. Byas filed a motion to transfer venue from circuit court to county court, asserting that discovery had revealed that without the claim of damages for emotional distress the only damages remaining in litigation were $350 alleged as the value of the basset hound and $50 for the amount of the bill over which an allegation of fraud had been raised.[1] The *1197 circuit court entered an order granting Dr. Byas' motion to transfer because the jurisdictional limits of the circuit court had not been satisfied.
An order of the circuit court transferring all further jurisdiction from the circuit court to the county court is reviewable by petition for certiorari because absent this remedy, petitioner would be deprived of any right of review of the circuit court's order. See Easley v. Garden Sanctuary, 120 So.2d 59 (Fla. 2d DCA 1960). We determine, however, that petitioner has failed to demonstrate a departure from the essential requirements of law.
Johnson v. Wander, 592 So.2d 1225 (Fla. 3d DCA 1992), is a veterinary malpractice case where, as here, the trial court entered partial summary judgment on the claims for damages for emotional distress and subsequently granted a motion to change the case from circuit court to county court due to the lower jurisdictional amount sought in the claims remaining. In that case, the Third District held that a jury question was presented on the issues of gross negligence and mental pain and suffering as claimed by the dog's owner and the trial court improperly transferred the case to county court as being a claim for less than the circuit court jurisdictional amount. In Knowles Animal Hosp., Inc. v. Wills, 360 So.2d 37 (Fla. 3d DCA 1978), the Third District specifically held that a dog owner was entitled to collect for emotional damages in a veterinary malpractice case. We determine that the "impact rule" precludes such recovery. See Zell v. Meek, 665 So.2d 1048 (Fla.1995).
The "impact rule" requires some physical impact prior to the recovery of damages for emotional distress. Id. at 1050. Petitioner requests that we abandon the "impact rule" in this case and allow the recovery for emotional distress in cases involving veterinary malpractice. In Welker v. S. Baptist Hosp. of Fla., Inc., 864 So.2d 1178 (Fla. 1st DCA 2004), this court recognized that the impact rule is not an unyielding inflexible rule of law and in some cases damages for emotional distress may be recovered absent physical impact. We identified those types of cases where an exception to the impact rule was likely to be applied:
There exist common threads in all of the foregoing cases in which the court established exceptions to the impact rule. In all, the likelihood of emotional injury was clearly foreseeable; the emotional injury was likely to be significant; the issue of causation was relatively straightforward; and it was unlikely that creating an exception to the rule would result in a flood of fictitious or speculative claims.
Id.
One area that was identified as having the gravity of emotional injury and lack of countervailing policy concerns to justify exceptions to the impact rule involves familial relationships, such as injury to a child as a result of malpractice. See Welker. We decline to extend this exception to malpractice cases involving animals. As we stated in Bennett v. Bennett, 655 So.2d 109, 110 (Fla. 1st DCA 1995), "While a dog may be considered by many to be a member of the family, under Florida law animals are considered to be personal property."
In making this point we have not overlooked the decision of the Florida Supreme Court in La Porte v. Associated Indeps., Inc., 163 So.2d 267, 269 (Fla.1964), where the supreme court stated, "Without discussing *1198 the affinity between `sentimental value and mental suffering' we feel that the affection of a master for his dog is a very real thing and that the malicious destruction of the pet provides an element of damage for which the owner should recover." (Emphasis supplied). La Porte, however, may be distinguished from the instant case. In La Porte, the defendant's behavior was maliciousthe defendant threw a garbage can at the plaintiff's pet; in the instant case we are dealing with an allegation of simple negligent behavior by a veterinarian who was trying to provide treatment. See Nichols v. Sukaro Kennels, 555 N.W.2d 689, 691 (Iowa 1996) (distinguishing La Porte on the basis that their case involved negligence rather than malicious behavior).
We acknowledge there is a split of authority on whether damages for emotional distress may be collected for the negligent provision of veterinary services. See Jay M. Zitter, Annotation, Recovery of Damages for Emotional Distress Due to Treatment of Pets, 2001 WL 1042542, 91 A.L.R. 5th 545, §§3 and 4. We find ourselves in agreement, however, with the New York courts which recognize that while pet owners may consider pets as part of the family, allowing recovery for these types of cases would place an unnecessary burden on the ever burgeoning caseload of courts in resolving serious tort claims for individuals. Johnson v. Douglas, 187 Misc.2d 509, 723 N.Y.S.2d 627 (N.Y.Sup.Ct.), aff'd, 289 A.D.2d 202, 734 N.Y.S.2d 847 (2001). We decline to carve out an exception to the impact rule for cases involving veterinary malpractice.
Petition denied.
ALLEN and DAVIS, JJ., CONCUR.
NOTES
[1] In his objection to the motion to transfer the case to county court, the petitioner acknowledged that without the claim for mental anguish the remaining damages did not meet the threshold requirement for circuit court.