98 P.3d 1232 (2004)
Tom PICKFORD and Gina Pickford, husband and wife, and the marital community composed thereof, and as guardians for Buddy, a companion animal, Appellants,
v.
Chrisie MASION, a single person; and Joel Handran, a single person, Respondents.
No. 31002-3-II.
Court of Appeals of Washington, Division 2.
September 8, 2004.
Publication Ordered October 12, 2004.
*1233 Michael John Fisher, Rush Hannula Harkins & Kyler LLP, Daniel R. Kyler, Rush Hannula Harkins & Kyler LLP, Tacoma, WA, for Appellants.
Pamela A. Okano, Reed McClure, Seattle, WA, for Respondent.
ARMSTRONG, J.
Gina Pickford appeals a summary judgment dismissing her claims for negligent infliction of emotional distress she suffered when Masion and Handran's dogs attacked and mauled her pet dog. She argues that Washington law permits recovery for her claim of negligent or malicious infliction of emotional distress and that special compensation is allowed for damage to a human-companion animal relationship. We affirm.

FACTS
On August 14, 2000, Masion and Handran's two Rottweilers escaped from their fenced yard and wandered to Gina Pickford's home. There, they attacked Buddy, Pickford's Pekinese/Chihuahua who was leashed on the front porch. Pickford was inside recovering from back surgery. She tried to scare the Rottweilers away but was unsuccessful. After the attack on Buddy, Pickford was "shocky ... nauseated ... shaking and panicked." Clerk's Papers (CP) at 160.
Buddy sustained permanent injuries to his shoulder, esophagus, and throat. He is now fearful of larger dogs and no longer goes to daycare. And he cannot walk or jump as well as he did before the attack.
Pickford sued Masion and Handran, alleging negligent infliction of emotional distress, malicious infliction of emotional distress, and destruction of the guardian-companion animal relationship. Masion and Handran moved for partial summary judgment, arguing that Washington law does not authorize claims for emotional damages arising from injuries to a pet. The trial court granted the summary judgment motion.

ANALYSIS
When reviewing an order of summary judgment, we engage in the same inquiry as the trial court. Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. CR 56(c).

I. Negligent and Malicious Infliction of Emotional Distress
A plaintiff who suffers mental distress without physical injury may have a cause of action. Hunsley v. Giard, 87 Wash.2d 424, 435, 553 P.2d 1096 (1976). "It is not necessary that there be any physical impact or the threat of an immediate physical invasion of the plaintiff's personal security." Hunsley, 87 Wash.2d at 435, 553 P.2d 1096. And there is no "absolute boundary around *1234 the class of persons whose peril may stimulate the mental distress." Hunsley, 87 Wash.2d at 436, 553 P.2d 1096. Rather, "[t]his usually will be a jury question bearing on the reasonable reaction to the event unless the court can conclude as a matter of law that the reaction was unreasonable." Hunsley, 87 Wash.2d at 436, 553 P.2d 1096.
Pickford argues that because reasonableness is measured in part by a plaintiff's relationship to the person actually injured or threatened, she is entitled to a jury trial. But Hunsley is distinguishable. In Hunsley, the plaintiff suffered physical symptoms of a heart attack allegedly caused by her emotional distress after her neighbor drove a car into plaintiff's house. Hunsley, 87 Wash.2d at 425-26, 553 P.2d 1096. But unlike this case, Hunsley's emotional distress was caused by her fear of what might have happened to two humansher husband and the neighbor. No Washington case has extended the Hunsley rule to emotional distress suffered because of injury or threatened injury to a pet.
Pickford reasons that emotional distress damages are appropriate because we have allowed them for property damage in timber trespass cases. In Birchler v. Castello Land Co., 81 Wash.App. 603, 915 P.2d 564 (1996), the Court of Appeals allowed emotional distress damages after a land company graded a property owner's land without authority. The Supreme Court affirmed, stating that emotional distress damages were recoverable under the timber trespass statute for "intentional interference with property interests." Birchler v. Castello Land Co., 133 Wash.2d 106, 117, 942 P.2d 968 (1997). And in Allyn v. Boe, 87 Wash.App. 722, 738, 943 P.2d 364 (1997), we agreed that the trial court properly allowed emotional distress damages in a timber trespass action. Neither case supports Pickford's claim. Birchler and Allyn were based on statutory rights to recover for intentional injury to timber. And the analysis in each turned not on duty, which was statutorily created, but on the proper measure of damages.
Pickford also notes that the Florida Supreme Court allowed a cause of action for malicious infliction of emotional distress in LaPorte v. Assoc. Independents, 163 So.2d 267 (Fla.1964). And she points out that the Alaska Supreme Court stated that it was willing to recognize a cause of action for "`intentional infliction of emotional distress for the intentional or reckless killing of a pet animal.'" Richardson v. Fairbanks North Star Borough, 705 P.2d 454, 456 (Alaska 1985); Br. of Appellant at 22-23.
In LaPorte, a garbage collector killed a leashed dog by intentionally hurling a garbage can at the animal. LaPorte, 163 So.2d at 268. The court stated that the individual's behavior "was malicious and demonstrated an extreme indifference to the rights of the petitioner." LaPorte, 163 So.2d at 268. And in Richardson, an animal shelter killed a dog before holding it for 72 hours as an ordinance required. Richardson, 705 P.2d at 455.
Neither case is helpful. Recently, a Florida district court distinguished LaPorte and disallowed emotional distress damages where the claim involved only negligence, not malicious behavior. Kennedy v. Byas, 867 So.2d 1195, 1197-98 (Fla.2004). And Richardson recognized the claim only where the defendant's conduct is extreme or outrageous and causes severe emotional distress. Richardson, 705 P.2d at 456. Masion and Handran did not maliciously inflict severe emotional distress on Pickford. At most, they were negligent for failing to keep their dogs contained.

II. Destruction of Guardian-Companion Animal Relationship
Pickford argues that damages are appropriate for harm to a human-companion animal relationship and that fair market value compensation is insufficient.
At least two jurisdictions have allowed emotional distress damages for death or injury to companion animals. In Brown v. Crocker, 139 So.2d 779 (La.App.1962), a neighbor intentionally shot and injured a boy's horse. The horse died several months later and its colt was born dead. The court awarded $250 to the horse's owner for the shock and mental anguish he suffered following the injury. In City of Garland v. White, 368 S.W.2d 12 (Tex.App.1963), a police officer trespassed on private property and wrongfully killed the property owner's dog. The court upheld a $200 award for the owner's *1235 mental pain and suffering. White, 368 S.W.2d at 17.
But these cases do not support Pickford's argument. Although the court in Brown noted that the boy had a fondness and affection for his horse, the damages awarded were essentially for emotional distress, rather than for loss of a relationship with a companion animal. Brown, 139 So.2d at 781-82. Similarly, the award in White was for emotional distress. And the Texas Court of Appeals recently distinguished White, stating that it was "unclear whether the defendants ever disputed whether mental anguish damages were properly recoverable for the death of a dog." Petco Animal Supplies, Inc. v. Schuster, 2004 WL 903930 at *4 (Tex.App.2004). The court then explained that mental anguish arising from property damage was previously deemed appropriate only where there was "some ill-will, animus, or desire to harm the plaintiff personally." Petco, 2004 WL 903930 at *5 (citing Seminole Pipeline Co. v. Broad Leaf Partners, Inc., 979 S.W.2d 730, 753-57 (Tex.App.1998)).
Moreover, a number of courts have declined to award damages for loss of companionship with an animal. For example, in Daughen v. Fox, 372 Pa.Super. 405, 539 A.2d 858 (1988), the court affirmed a summary judgment on an emotional distress claim. The court stated, "[u]nder no circumstances, under the law of Pennsylvania, may there be recovery for loss of companionship due to the death of an animal." Daughen, 539 A.2d at 865. And in Gluckman v. American Airlines, Inc., 844 F.Supp. 151, 163 (S.D.N.Y.1994), the court dismissed claims for negligent and intentional infliction of emotional distress, and loss of companionship after a pet dog suffered heat stroke in an airplane cargo area. The court found no cause of action for loss of companionship with a pet. Gluckman, 844 F.Supp. at 158.[1]
Again, we decline to extend to loss of companionship for death or injury to a pet. In Washington, damages are recoverable for the actual or intrinsic value of lost property but not for sentimental value. Mieske v. Bartell Drug Co., 92 Wash.2d 40, 45-46, 593 P.2d 1308 (1979).
Pickford, with good reason, maintains that Buddy is much more than a piece of property; we agree. Still, no Washington case has recognized the claims Pickford urges us to find. Such an extension of duty and liability is more appropriately made by the legislature. We affirm the partial summary judgment in favor of Masion and Handran.
We concur: HOUGHTON, P.J., and BRIDGEWATER, J.
NOTES
[1] But see Brousseau v. Rosenthal, 110 Misc.2d 1054, 443 N.Y.S.2d 285 (1980) (loss of companionship a factor in award of $550 damages).