# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Sarah Rock, Appellant,

v.

Dog Daze of Charleston, LLC and Charlie Freeman, Respondents.

Appellate Case No. 2024-001363

———————

Appeal From Charleston County
George M. McFaddin, Jr., Circuit Court Judge

———————

Opinion No. 6137
Heard November 12, 2025 – Filed February 11, 2026

———————

## AFFIRMED

———————

Michael J. Jordan, of The Steinberg Law Firm, LLP, of Goose Creek; and Frederick Elliotte Quinn, IV, of The Steinberg Law Firm, LLP, of North Charleston, both for Appellant.

David Starr Cobb, of Turner Padget Graham & Laney, PA, of Charleston; and Warren W. Wills, III, of Law Office of W. Westbrook Wills, III, of Folly Beach, both for Respondents.

Christian Suarez, of Cotati, CA; and Daniel R. Fuerst, of Moore & Van Allen, PLLC, of Charleston, for Amicus Curiae Animal Legal Defense Fund.

———————

**PER CURIAM:**    Sarah Rock appeals the circuit court's order granting partial summary judgment in favor of Respondents Dog Daze of Charleston and its owner, Charlie Freeman.  The case stems from the tragic and justifiably upsetting death of Rock's pet dog, Xumi, and serious injury to her pet dog, Ruben.  Rock seeks to recover several types of damages, including damages for emotional distress.  The circuit court ruled that South Carolina law does not allow a plaintiff to recover emotional distress damages (as they are commonly understood in the law) for harm to a pet.  The court specified that its ruling did not include other categories of damages sought in Rock's complaint.  Based on South Carolina's classification of pets as personal property, we must affirm the partial summary judgment.

## STANDARD OF REVIEW

When reviewing a grant of summary judgment, we apply the same standard as the circuit court under Rule 56(c), SCRCP.  *Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002).  Summary judgment is warranted "when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Peterson v. W. Am. Ins. Co.*, 336 S.C. 89, 94, 518 S.E.2d 608, 610 (Ct. App. 1999) (citing Rule 56(c), SCRCP).

## SOUTH CAROLINA LAW ON PERSONAL PROPERTY

In 1899, our supreme court recognized pet dogs as personal property in deciding whether a person's dog could be the subject of larceny.  *State v. Langford*, 55 S.C. 322, 324–26, 33 S.E. 370, 371–72 (1899).  Rock does not appear to dispute this designation.  Instead, Rock's quarrel is with the traditional measure of damages for injury to personal property, which typically centers on market value.  *See Coleman v. Levkoff*, 128 S.C. 487, 490, 122 S.E. 875, 876 (1924) ("The general rule is that the owner of personal property, injured by the negligence of another, is entitled to recover the difference between the market value of the property immediately before the injury and its market value immediately after the injury.").  Rock argues this measure is not sufficient to encompass the emotional damages she suffered from the loss of Xumi and injury to Ruben.  We sympathize with everyone involved in this case but based on *Langford* and the laws surrounding personal property, the circuit court was correct to conclude that the emotional distress damages that are often part of personal injury cases are not available when a pet is injured.

Two of this court's unpublished decisions—the first in 2005, the second in 2023—previously reached the same conclusion.  Both cases held that South Carolina does not support a claim for emotional distress for injury to one's pet, and both cases

relied on dogs' status as personal property. *Bales v. Judelsohn*, Op. No. 2005-UP-509 (S.C. Ct. App. filed Aug. 30, 2005); *Fowler v. Fedex Ground Package Sys., Inc.*, Op. No. 2023-UP-020 (S.C. Ct. App. filed Jan. 18, 2023); *see also Madden v. Petland Summerville, LLC*, No. 2:20-CV-02953-DCN, 2022 WL 2806408, at *5 (D.S.C. July 18, 2022) (outlining South Carolina's designation of pets as personal property and finding damages limited to the dog's market value or "the pecuniary loss to the owner for the injuries sustained" (citing *Bales*)). The circuit court relied on our recognition that *Langford* established "the status quo" in reaching its conclusion that Rock may not seek emotional distress damages for her losses. *See Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 555–56, 813 S.E.2d 292, 298–99 (Ct. App. 2018) (finding no prejudicial error in the circuit court's examination of an unpublished persuasive decision when the court relied on other published cases). We agree with this reading of these cases.

## OTHER JURISDICTIONS AND PUBLIC POLICY

Rock does not seem to dispute our understanding of South Carolina law; instead, she suggests the specific issue of emotional distress damages presented here has yet to be addressed in South Carolina and urges us to hold, as a matter of common law, that emotional distress damages are available when a pet dog is tortiously harmed or killed. For support, she relies on "the status of dogs in the twenty-first century as companions and family members rather than working animals." She also relies on changes in the law of some other jurisdictions and on public policy.

Our reading of past decisions is that South Carolina follows the majority rule. Most jurisdictions do not allow emotional distress damages for tortious harm to a pet and would reach the same result the circuit court reached here. *See Nichols v. Sukaro Kennels*, 555 N.W.2d 689, 691 (Iowa 1996) ("[A]lthough we are mindful of the suffering an owner endures upon the death or injury of a beloved pet, we resolve to follow the majority of jurisdictions that do not allow recovery of damages for such mental distress."); *see also Richardson v. Fairbanks N. Star Borough*, 705 P.2d 454, 456 (Alaska 1985) ("[Because] dogs have legal status as items of personal property, courts generally limit the damage award in cases in which a dog has been wrongfully killed to the animal's market value at the time of death."); *Kennedy v. Byas*, 867 So. 2d 1195, 1197–98 (Fla. Dist. Ct. App. 2004) (holding emotional damages are not available in simple negligence veterinary malpractice cases).

Some states, but still the clear minority, allow emotional distress damages if the harm to a pet results from intentional or malicious conduct. *See La Porte v. Associated Indeps., Inc.*, 163 So. 2d 267 (Fla. 1964) (holding that in an action for

the intentional and malicious killing of a pet dog, the owner's damages are not limited to the market value of the dog but also include the element of the owner's mental suffering); *Richardson*, 705 P.2d at 456 ("We recognize that the loss of a beloved pet can be especially distressing in egregious situations. Therefore, we are willing to recognize a cause of action for intentional infliction of emotional distress for the intentional or reckless killing of a pet animal in an appropriate case."); *see also Fredeen v. Stride*, 525 P.2d 166 (Or. 1974) (allowing a jury to consider mental distress as an element of damages in a case against two defendants for the conversion of the plaintiff's dog where there was "evidence of genuine emotional damage . . . supplied by aggravated conduct on the part of the defendant[s]"). Here, however, there are no claims that the harm to Rock's dogs was the result of intentional conduct, so even this minority view would not apply to Rock's claims.

Rock and the Animal Legal Defense Fund contend that our legislature has already recognized a policy of protecting dogs in other areas of law, leaving room for this court to do the same under the common law. They cite several provisions, including sections of chapter 3 of title 47 of the South Carolina Code, titled "Dogs and Other Domestic Pets," *see* S.C. Code Ann. §§ 47-3-20, -55, -60, -350 (2017 & Supp. 2025); a subsection from South Carolina's Protection from Domestic Abuse Act, though the Fund admits that the act does not include pets as "household members," *see* S.C. Code Ann. § 20-4-60(C)(8) (2014 & Supp. 2025) and S.C. Code Ann. § 20-4-20(b) (2014); and the statute permitting the establishment of trusts for the care of pets, *see* S.C. Code Ann. § 62-7-408(a)–(b) (2022)). Although we are sympathetic to Rock's position, we are not persuaded that these examples justify the judicial innovation it would take to allow emotional distress damages when a pet is tortiously harmed. We must defer to the legislature to create such a remedy. *See Clarke v. S.C. Pub. Serv. Auth.*, 177 S.C. 427, 438–39, 181 S.E. 481, 485 (1935) ("The General Assembly has a right to pass such legislation as in its judgment may seem beneficial to the state, and to create such agencies of government as may be necessary to carry out its purpose, unless expressly prohibited by the Constitution."); *State v. Slocumb*, 426 S.C. 297, 314, 827 S.E.2d 148, 157 (2019) ("Respect for separation of powers compels us to recognize that the General Assembly is the author of our state's public policy . . . .").

We recognize that dogs are important in many homes and to many people, and we appreciate the sources Rock and the Animal Legal Defense Fund provided to assist us in evaluating this case. However, based on South Carolina's recognition of dogs as personal property, the national trend of not permitting emotional distress damages for tortious harm to a pet, the absence of legislative action in South Carolina, and the many different ways a legislature could defensibly draw lines if it desired to

create this sort of claim, we must respectfully decline the invitation to deviate from our previous decisions or change the common law.

## "SPECIAL VALUE" AS PART OF PROPERTY DAMAGE

Rock's secondary argument is that if emotional distress damages are not available as a standalone category of damages, she should still be able to recover the "special value" of her dogs, which she believes includes a consideration of loss of companionship and loss of emotional support. Rock argues this special value should be considered in calculating the "actual value" of her property damage. *See Nelson v. Coleman Co.*, 249 S.C. 652, 659, 155 S.E.2d 917, 921 (1967) ("Recovery may be had for the loss or destruction of property even though it has no actual market value, in which case the owner is entitled to recover its actual or reasonable value, or its special value to him."); *see also* Margit Livingston, *The Calculus of Animal Valuation: Crafting a Viable Remedy*, 82 Neb. L. Rev. 783 (2004) (discussing the "value to owner" concept).

This issue is not before us. Each of the three claims in Rock's complaint (negligence, bailment, and breach of contract) included the same three paragraphs itemizing Rock's requested damages. In its order denying reconsideration, the circuit court specifically listed the paragraphs that were covered by its partial summary judgment ruling. The paragraphs of Rock's complaint where she alleged that the actual value of her dogs included sentimental value and loss of companionship were not included in that list and thus are not encompassed in the summary judgment ruling. Therefore, the issue of whether any special value should be considered in determining the actual value of loss when a pet dog is tortiously killed or harmed, and whether that special value encompasses loss of companionship or sentimental value, remains a viable question for the circuit court.

**AFFIRMED.**

**MCDONALD, HEWITT, and VINSON, JJ., concur.**